THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM DALTON, Defendant.

County Court, Suffolk County, May 5, 1954.

*Harry C. Brenner, District Attorney,* for plaintiff.

No appearance for defendant.

HAZLETON, Acting County Judge. This is an application for an order in the nature of a writ of error *coram nobis,* in which the present intermediate relief sought for is an order directing the delivery of the defendant-petitioner so that he may testify in his own behalf.

The Appellate Division of our First Department, in a *Per Curiam* opinion (*People* v. *Oddo,* 283 App. Div. 497, 499), emphasizes where rests the burden of proof upon the application for the hearing, and who must carry the burden upon the hearing itself in this language: " In the absence of such affirmative proof, the court granted the motion pursuant to his indicated understanding of the law that the burden was upon the People ' to furnish unquestionable documentary proof which could serve conclusively to refute the factual statements contained in the papers submitted by the petitioner or as made by him under oath

on the witness stand.' There is no such burden upon the People on a hearing for a writ of error *coram nobis*. The burden is upon the defendant to show that he was not represented or advised of his right to representation by counsel and is not upon the People to show that he was so represented or advised. The rule which the court apparently had in mind is that defendant is entitled to a hearing unless the District Attorney comes forward with a documentary record which refutes the contention of the defendant (*People* v. *Richetti*, 302 N. Y. 290). But when the hearing is held the burden of proof is upon the defendant.''

The defendant affirms that when sentence was imposed upon him, the procedure required by sections 472 and 480 of the Code of Criminal Procedure was not followed.

Section 472 provides that the time appointed for sentence must be at least two days after the verdict unless the defendant waives the delay. The extract of the court minutes shows defendant plead guilty to grand larceny, second degree, on June 10, 1930, and on the same day was sentenced to Elmira reformatory. It does not appear that the two-day delay, required by statute, was waived.

Section 480 of the Criminal Code requires that when the defendant appears for judgment, he must be asked by the clerk whether he have any legal cause to show why judgment should not be pronounced against him. The extract of the clerk's minutes is also silent upon this point.

Unfortunately, all associated with the proceeding back in April of 1930, when defendant was sentenced are dead and gone, which circumstance is not uncommon in applications of this type. All that remains to tell what actually happened in the courtroom, when sentence was imposed, is the record in longhand written by the clerk. As a result, the District Attorney is unable to come forward with a documentary record which refutes the contention of defendant. (*People* v. *Oddo, supra.*)

Upon a plea of guilty, a defendant stands before the court precisely as though he had been convicted by the verdict of a jury. (*People* v. *Kaiser*, 206 N. Y. 46.) Therefore, the sentencing judge was required to comply with the provisions of sections 472 and 480 of the Code of Criminal Procedure before judgment was rendered.

In respect to the impediment against imposing sentence upon a defendant until at least two days after his conviction or plea of guilty, unless waived, although important, such requirement nevertheless impresses me as being purely procedural so as to

prevent hasty action. It cannot avail a defendant to the extent of when not followed the sentence is vitiated. Its omission can easily be corrected. However, anent the requirement of asking defendant what he may wish to say, if anything, before judgment is passed upon him, this condition constitutes a fundamental right long recognized in the law before being written into statute. No judgment of any court in a felony case can stand unless this condition precedent has been complied with. As said in *People* v. *Nesce* (201 N. Y. 111, 114): '' The right of defendant to speak for himself, after conviction   *   *   *   is one of substance and should be carefully guarded. It is the last opportunity that the law affords him of speaking for himself and showing cause, if he is able to do so, why judgment should not be pronounced against him. This right, given by the common law and now incorporated into our statute, compels the courts to accord him the privilege and no court has the right to deprive him of it.''

The application of petitioner is granted. Submit order accordingly.