THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN VAN COUR, Defendant.

County Court, Otsego County, November 12, 1954.

*John Van Cour,* defendant in person.

*Richard J. Bookhout, District Attorney,* for plaintiff.

Loomis, J. The petitioner has moved in this court for a writ of error *coram nobis,* asking for a hearing and an order directing his production before this court for the purpose of such hearing. The petitioner is seeking to set aside his conviction of the crime of forgery, second degree, on December 7, 1940.

The grounds for the application for a hearing appear to be (1) that at his arraignment the defendant was not represented by counsel and was not advised of his right to counsel without having to pay for the same; and (2) that sentence was imposed on the same day of the conviction without waiting the two days required by section 472 of the Code of Criminal Procedure, and that the defendant did not waive that requirement of the law.

In the previous proceeding of the same nature, the petitioner raised the question that he was not advised of his right to counsel and that matter was disposed of by letter of this court, dated August 24, 1953, the record clearly showing that he was advised of his right to counsel. There is no requirement in the law that a defendant be advised that he may have counsel and that the court will furnish such counsel without the necessity of the defendant paying him, if he is unable to do so. The requirements have been satisfied if the defendant is advised that he has a right to counsel, as the record clearly shows was done in this case.

It does not appear that the failure to wait two days before the imposition of sentence has affected any fundamental right of the petitioner. It has been held that such requirement is purely procedural and does not affect the validity of the sentence.

(See *People* v. *Dalton*, 205 Misc. 755.) It should also be noted that at the time sentence was imposed the record does not indicate that the defendant made any objection and, in fact, he has waited nearly fourteen years before raising the question at all. As a matter of fact, the section in question (Code Crim. Pro., § 472) reads in part as follows, with regard to the time of pronouncing judgment: " The time appointed must be at least two days after the verdict, *if the court intend to remain in session so long* ". (Italics supplied.) This would indicate that there is some latitude granted to the court under those conditions and there is nothing to indicate that in this case the court intended to remain in session longer.

The application for a hearing and an order directing the petitioner's return to this county is denied.

Submit order.