Archibald C. Wemple, J.
This is the most recent in a long series of applications by the defendant for writs of error coram nobis. The defendant, now an inmate of Attica State Prison, is serving a sentence of from 71/2 to 15 years on a plea of guilty to the crime of robbery second degree. He was sentenced by this court on February 17, 1944.
The record shows that the defendant, in previous petitions, has challenged (1) the validity of the indictment; (2) the constitutionality of the Youthful Offender Law; (3) whether the defendant was properly advised as to right to counsel at all stages of the proceedings, including arraignment before the Magistrate’s Court; (4) legality of transfer from the Supreme Court to County Court of the case for disposition; and (5) due process — all of these matters, and others, have been reviewed and tested, and the record of the case scrupulously examined in detail. It appears that the defendant has contested point by point each of the steps leading to his confinement, from the time of his arraignment before the Magistrate’s Court to the present application challenging the legality of the sentence of this *715 court pronounced on February 17, 1944. There has even been one review on appeal by the Appellate Division of the Supreme Court for the Third Judicial Department on a denial of a previous application for a writ of error coram nobis. The courts have given serious and careful consideration to all the points raised by this defendant.
Over the years, and throughout all of these extensive legal maneuvers and proceedings by the defendant, he has been represented by competent counsel assigned by the court — lawyers who have freely given of their time to represent the defendant and to guarantee him that all of his rights — constitutional and otherwise — were fully and adequately protected. This defendant has been most fortunate in receiving services of a professional nature at all stages of the proceedings involving him.
The defendant now argues that a grave error was committed at the time of his sentence in that he claims he was not afforded the two-day waiting period between the verdict and sentence as provided by section 472 of the Code of Criminal Procedure. The record of the defendant’s case shows that on February 10, 1944 the petitioner entered a plea of guilty to the crime of robbery second degree, after he had previously pleaded not guilty to the crime of robbery first degree, for which he had been indicted by the Grand Jury of Schenectady County on November 24, 1943.
There is no question, and the record is clear, that on February 10, 1944 at the time of the plea of guilty, the defendant was personally present in court and that at that time he was represented by Mathias P. Poersch, Esq., a competent and distinguished member of the Schenectady County Bar. The defendant claims, however, that on February 10, 1944, his plea was not accepted absolutely by the court, but that it, the plea, was “ held in abeyance ’’ by the court because the court, quoting from the record, said “ Subject to the same reservation by the District Attorney filing a written statement, pursuant to Statute made and provided, the Court will accept defendant’s plea of guilty to Robbery Second Degree. The Court will reserve its order the right to accept or deny when the District Attorney files his necessary reasons for the reduction.”
Under section 342-a of the code, it is mandated that where the court, upon the recommendation of the district attorney, and in furtherance of justice, accepts a plea of guilty to a crime of a lesser degree it shall be the duty of the district attorney to submit to the court a statement in writing in which his reasons for recommending the acceptance of such a plea shall be clearly *716 stated forthwith. It appears that the filing of such written statement of recommendation by the district attorney is a prerequisite to the absolute acceptance by the court of a plea of guilty to a lesser degree than that charged in the indictment; and so it was natural, in the instant case, for the court to require that the district attorney’s statement not only be filed, but that the reasons stated therein be clearly sufficient to justify the acceptance of the lesser plea. Such a statement was filed on the day following the plea — that is, on February 11, 1944, in the Schenectady County Clerk’s Office. Obviously the defendant did not challenge the statement because by it he gained a very distinct advantage. Certainly the law does not even suggest that the defendant must be present at the time the district attorney files such a statement with the county clerk.
It would appear then, in this case, that the defendant positively plead guilty on February 10 to the crime of robbery second degree and that the court on that same day accepted his plea, subject only to the compliance by the district attorney to a statutory requirement of filing, in writing, his reasons for recommending to the court the acceptance of a plea to a crime of a lesser degree.
A careful reading of section 342-a, referred to above, clearly indicates that the acceptance of the plea shall be followed by the filing of the certificate. It is interpreted as a condition subsequent, which in the instant case the court, in so many words, stated that it accepted the plea with reservation of rights based upon the sufficiency and adequacy of the certificate to be filed later by the district attorney.
On the day of the sentence, February 17, 1944, the defendant was in court and represented by counsel, and was asked whether there was any just or sufficient cause why judgment and sentence should not at that time be pronounced. The record further shows that the defendant then signed a series of questions propounded to him by the clerk of the court, among which there was a specific question ‘‘ Have you anything to say why sentence of the Court should not now be pronounced upon you? ” — to which the defendant, in writing, answered “ No,” as he also replied orally in the negative to the same question asked of him by the court. In fact, the court reminded the defendant and his attorney on this occasion, February 17, 1944 of his pleas by the following statement: “ The Court has accepted the pleas as indicated at a previous session of this court. * * * The time has come for the Court to impose judgment and sentence.”
*717 And later on, at the same appearance of the defendant, the court said: “ This date is set down for imposition of judgment and sentence. Mr. Charles B. Langford, is there any good and sufficient reason why judgment and sentence should not at this time he pronounced? ”
Both the defendant and his counsel stated in open court that there was no reason why sentence should not then he pronounced. (See People v. Van Cour, 206 Misc. 840.)
From a review of the facts in the above case and from a careful study of the record, including all proceedings involving this defendant, and in all of the previous applications by the defendant to review all proceedings against him, it is apparent that the defendant has not only been guaranteed all rights reserved to him as a citizen, but he has also been extended the generous and unselfish assistance of members of the Bar, and of courteous consideration, through his legal requesters, by the court. No basic or fundamental rights of this defendant have been denied him.
There is nothing in the defendant’s petition justifying the granting of the writ of error coram nobis in this instance. The cases cited by the petitioner in support of his request for a -writ do not seem to be relevant or applicable to the “ errors ” alleged by this defendant.
Petition denied. Submit order.