Appeal by relator, purportedly from an -order of a Justice of the Supreme Court denying relator’s application for a writ of habeas corpus. The “ order ” referred to in the notice of appeal was actually a memorandum of the Justice’s decision, does not, in terms, deny the application and is not an order. The appeal is, therefore, dismissed. The Attorney-General is requested to obtain and enter a proper order. The relator may, of course, appeal therefrom or make a new application, as he shall be advised. Under the circumstances, however, it seems proper to comment upon this application. The Justice was in error in holding that relator’s remedy, if any, for the trial court’s alleged noncompliance with section 472 of the Code of Criminal Procedure was by motion in the nature of a writ of error coram, nobis. We have held that in such ease coram, nobis does not lie. {People v. La Mere, 4 A D 2d 840.) Apparently no appellate court has yet passed on the question whether an omission to postpone sentence for two days (Code Crim. Pro., § 472) is a mere procedural irregularity not affecting the validity of the sentence, as held in People v. Van Cour (206 Misc. 840) and People v. Dalton (205 Misc. 755) or whether, on the contrary, the omission constitutes a deprivation of a substantial legal right, so as to require remittal of the case for resentence of the defendant after compliance with section 472. By section 480 of the Code of Criminal Procedure it is required that “ When the defendant appears for judgment, he must be asked by the clerk whether he have any legal cause to show, why judgment should not be pronounced against him.” Noting that it had long been recognized that this provision confers a substantial right, the Court of Appeals has held, in a habeas corpus proceeding, that a failure of compliance requires remittal and resentenee (People ex rel. Miller v. Martin, 1 N Y 2d 406). The rationale of the case cited would seem to require the same result when the provisions of section 472 have not been followed, as sections 472 and 480 were there treated as interdependent parts of the statutory plan governing sentence. That previous compliance with the provisions of section 472 is necessary in order to give effect to the purpose and intent of section 480 seems necessarily to follow from the holding in the Miller case (supra). It was there said (pp. 410-411) : “In construing a statute we must take the entire act into consideration (People v. *1020 Dethlolf, 283 N. Y. 309, 315) and, when the provisions of title IX are read together, it is apparent that the procedure followed when relator was sentenced did not comply with section 480. A plea of guilty is equivalent to a verdict of guilty (People ex rel. Hubert v. Kaiser, 206 N. Y. 46; People v. Dalton, 205 Misc. 755), and section 472 of the Code of Criminal Procedure states that the time for pronouncing judgment ‘must be at least two days after the verdict’ (emphasis supplied). Section 482 further requires that before the court pronounce sentence it shall review defendant’s previous record and view any other reports or examinations that may be of aid to it in dealing with him. Thus these sections (Code Crim. Pro., §§ 472, 482) clearly contemplate a delay of at least two days after verdict before sentence can be imposed.”
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.