*In re* GEORGE BECK, *Petitioner.*

No. 12,029. (64 Pac. 971.)

SYLLABUS BY THE COURT.

1. CRIMINAL PRACTICE—*Sentence*. In a prosecution on an information containing a number of counts, the jury finding the defendant guilty of several of the offenses charged, the court should pronounce a single judgment declaring the full measure of punishment to be imposed for all such offenses.

2. ——— *Sentence on Several Counts*. A judgment regularly rendered on one of the offenses included in the verdict, which has

been executed in part by the imprisonment of the defendant, is the end of the prosecution, and exhausts the power of the court in the case; and the action of the court in bringing in the defendant several years after the rendition of the judgment and sentencing him again on the remaining offenses embraced in the verdict is wholly without authority.

Original proceeding in *habeas corpus*. Opinion filed May 11, 1901. Division two. Petitioner discharged.

*W. R. Hopkins*, for petitioner.

*A. A. Godard*, attorney-general, and *G. L. Miller*, county attorney, for respondent.

The opinion of the court was delivered by

JOHNSTON, J. : The question presented for our decision is, Has a court power to divide a judgment of conviction in a criminal case into sections and pronounce parts of it from time to time and at different terms of court?

In a prosecution for violations of the prohibitory liquor law George Beck was convicted on six counts. The verdict was returned February 28, 1898, and on the following day a motion for a new trial was overruled. At the same term of court, and on March 14, 1898, a motion in arrest of judgment was overruled as to one count and final judgment was pronounced, sentencing the defendant to imprisonment for thirty days and to pay a fine of $100, as well as an attorney's fee of twenty-five dollars and the costs. On the same day it was ordered that the motion in arrest of judgment as to the other counts included in the verdict be continued until March 25, 1898. The defendant was at once imprisoned under the judgment and remained in prison until July 25, 1898, when he was released upon an order of the county commissioners, and a few days thereafter the governor granted

*In re* Beck.

a full pardon of the offense for which he was adjudged guilty. No steps were taken as to the other offenses embraced in the verdict at the term of court when judgment was rendered against the defendant, nor until December 7, 1900, nearly three years after judgment had been rendered and more than two years after the sentence of imprisonment had been executed and the pardon by the governor had been granted. At that time a bench warrant was issued, the defendant was again arrested, and brought before the court for further sentence and judgment. The court then overruled the motion in arrest of judgment as to the other counts, approved the verdict, and proceeded to pronounce another judgment sentencing the defendant to forty days' imprisonment and $100 fine on each of the five remaining counts.

The court was then wholly without authority to render an additional judgment or to impose other and additional punishment. Its power was exhausted when the final judgment of 1898 was rendered and executed. A judgment is the final determination of the issues submitted, and the criminal code contemplates that but one final judgment shall be rendered, however many distinct offenses may have been charged in the information or included in the verdict. (Crim. Code, §§ 241, 242, 248–250; Gen. Stat. 1901, §§ 5686, 5687, 5693–5695.) It was competent for the court temporarily to suspend judgment for the purpose of hearing motions for a new trial and in arrest of judgment, also to gain information that would enable the court to impose a just sentence on the defendant, to give the defendant an opportunity to perfect an appeal, or for other proper relief; but an indefinite suspension, or the holding of the sentence over the head of the defendant, to be executed from time to time as

the court may see fit, is wholly unauthorized. (*In re Strickler, Petitioner*, 51 Kan. 702, 33 Pac. 620.)

A final judgment in either a civil or criminal case is open for correction or revision until the end of the term at which it is rendered. During the term and while it remains unexecuted it is regarded to be within the breast of the court, subject to amendment, alteration, or a change or increase of the sentence; but when the term ends every judgment regularly entered becomes final and passes beyond the revisory power and control of the court. (*The State v. Hughes*, 35 Kan. 633, 12 Pac. 28; Freem. Judg. § 96; 17 A. & E. Encycl. of L., 2d ed., 816.) During the term and before the execution of the judgment had been entered upon, the court might have amended it and imposed penalties for each of the offenses included in the verdict; but when the term was allowed to pass, the case dropped from the docket, and the judgment rendered executed, the state practically abandoned the prosecution, and the court was without further power in the premises. Several distinct offenses of a like nature may be united in a single charge and separate and distinct punishments imposed, but when there is a conviction of two or more offenses the sentence and judgment must include all the penalties for that prosecution. (Crim. Code, § 250, Gen. Stat. 1901, § 5695.) In *People v. Felker*, 61 Mich. 110, 27 N. W. 869, it was held:

"That a judgment in a criminal case cannot be divided up, and pronounced from time to time, by the court; that while, in the exercise of a sound discretion, the court may suspend sentence for a reasonable time to secure information of such matters as will enable it to impose a just and proper sentence, or to enable the respondent to present exceptions to a higher

*In re* Beck.

court, or sue out a writ of error, yet the sentence or judgment, *when pronounced*, must embrace the whole measure of the punishment imposed."

In *Commonwealth v. Foster*, 122 Mass. 317, it was held, in a case where the defendant had been convicted upon an indictment containing several counts, and the judgment had been partly executed, that he could not at a subsequent term be sentenced anew upon another count in the same indictment, even if the first sentence was erroneous.   It was there said :

"There could be only one judgment upon the indictment, and consequently a judgment and sentence upon one count definitively and conclusively disposed of the whole indictment, and operated as an acquittal upon, or discontinuance of, the other count." (See, also, *State v. Addy*, 43 N. J. L. 113, 39 Am. Rep. 547 ; *Nuckolls v. Irwin*, 2 Neb. 60 ; *Ex parte Lange*, 18 Wall. 163, 21 L. Ed. 872 ; *United States v. Wilson*, 46 Fed. 748 ; *Weaver v. People*, 33 Mich. 296 ; *State v. Davis*, 31 La. An. 249 ; *Brown v. Rice*, 57 Me. 55, 2 Am. Rep. 11 ; *People v. Meservey*, 76 Mich. 223, 42 N. W. 1133.)

If the practice which the trial court adopted is permissible, to what extent may it be extended?   Could the court at the end of every three-year period cause the arrest of the defendant and the imposition of a penalty on each of the six counts, and thus continue to render final judgments on the defendant from time to time for a period of eighteen years, and where each judgment would be executed before the next one would be rendered?   On which of these judgments rendered on a single verdict could an appeal have been taken? It is generally conceded that no more than one appeal can be taken from the result of a prosecution ; and if but one, must the defendant wait for an indefinite time and until the last judgment is rendered, and un-

til those first rendered have been executed? In our opinion, the judgment rendered in 1898 is to be deemed a final judgment and the end of the prosecution. The rendition of that judgment and its execution exhausted the power of the court in the case, and the attempt to bring the defendant before the court and impose additional penalties in the same prosecution was wholly without authority. The petitioner will, therefore, be discharged.

CUNNINGHAM, GREENE, JJ., concurring.