HOSODA, COMPLAINANT, *v.* NEVILLE, SHERIFF, DEFENDANT.

(No. 3,148.)

(Submitted March 16, 1912. Decided March 26, 1912.)

[123 Pac. 20.]

*Criminal Law—Misdemeanors—Pronouncement of Sentence—Time —Waiver—Justices' Courts — Irregularities — Habeas Corpus.*

Criminal Law—Misdemeanors—Justices' Courts—Sentence—Time—Waiver.

1. *Held,* on application for writ of *habeas corpus,* that where complainant, after conviction of a misdemeanor in a justice's court, did not interpose any objection to the pronouncement of sentence immediately upon return of the verdict, his silence constituted a waiver of the provision of section 9614, Revised Codes, that after a verdict of guilty the court must appoint a time for rendering judgment, not more than two days nor less than six hours after the verdict.

Same—Appeal—Trial *De Novo*—Effect.

2. The result of an appeal from a judgment of a justice of the peace in a prosecution for misdemeanor was to abrogate that judgment and to hold defendant under the original warrant of arrest for trial *de novo* in the district court; hence he will not be heard on *habeas corpus* to complain of an irregularity committed by the justice in rendering judgment.

Application by Harry Hosoda for *habeas corpus,* directed against the sheriff of Powell county. Writ refused, and applicant remanded.

*Mr. W. E. Keeley,* for Complainant, submitted a brief and argued the cause orally.

*Mr. S. P. Wilson,* for Defendant, submitted a brief and argued the cause orally; *Mr. J. A. Poore,* Assistant Attorney General, also argued orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Application for writ of *habeas corpus.* On January 27 of this year Harry Hosoda, a single man, and Bertha Mahoney, a single woman, were, by complaint filed in the justice's court of George W. Carleton, justice of the peace for Cottonwood

township, in Powell county, charged with the crime of living together in open and notorious cohabitation in a state of fornication. Upon a trial by a jury they were found guilty. Immediately upon the return of the verdict, the defendants being present in person and by counsel, the justice pronounced sentence imposing a fine and a term of imprisonment upon both of them. No objection was interposed by either defendant or by counsel. The complainant at once gave notice of appeal to the district court, and thereupon he and his codefendant were remanded to the custody of the sheriff, by whom they are now detained in the county jail. The complainant seeks his release upon the ground that in pronouncing sentence immediately upon return of the verdict, instead of postponing it to a time not less than six hours or more than two days thereafter, as directed by the statute (Rev. Codes, sec. 9614), and without a formal waiver by complainant, the justice exceeded his jurisdiction, with the result that the judgment is void. There is incorporated in the sheriff's return a copy of the record of the proceedings had in the justice's court. The correctness of the transcript is not questioned; therefore all of the proceedings are properly before us for consideration.

The statute provides: "After a plea or verdict of guilty, or after a verdict against the defendant, on a plea of a former conviction or acquittal, the court must appoint a time for rendering judgment, which must not be more than two days nor less than six hours after the verdict is rendered, unless the defendant waive the postponement. If postponed, the court may hold the defendant to bail to appear for judgment. A judgment must be entered in the minutes of the court as soon as rendered." (Rev. Codes, sec. 9614.)

That a justice's court under the Constitution is one of limited jurisdiction, having only such powers as are conferred by law, has frequently been decided by this court. (Const., Art. VIII, sec. 20; *Oppenheimer* v. *Regan,* 32 Mont. 110, 79 Pac. 695; *State ex rel. Matthews* v. *Taylor,* 33 Mont. 212, 83 Pac. 484; *State ex rel. Collier* v. *Houston,* 36 Mont. 178, 12 Ann. Cas. 1027,

92 Pac. 476.) But it does not follow from this fact that if the justice has jurisdiction of the subject matter and has regularly obtained jurisdiction of the parties, the judgment reached by him, either in a civil or criminal case, is rendered void by every error which has intervened during the course of the proceedings.

The offense with which the complainant is charged is a [1] misdemeanor. (Rev. Codes, sec. 8343.) It falls within the jurisdiction of a justice. (Sec. 6288.) There is no question but that the complainant had been arrested and was properly before the justice for trial. The forms of law were all complied with, up to the time of pronouncing judgment. At that time the complainant was present with his counsel. He, or at least his counsel, knew what formalities the law required in that behalf, as well as his right to insist upon their observance, or, at his option, to waive them. He interposed no objection. Under these circumstances, we think he should be held to have waived his right to a postponement for judgment. In *People* v. *Johnson*, 88 Cal. 171, 25 Pac. 1116, the defendant had been convicted of a felony. On appeal the point was made that the judgment was erroneous because it had been pronounced before the expiration of the two days' delay after verdict, as provided by the statute. The statute, of which the section of our Code on the same subject is a copy (Rev. Codes, sec. 9357), contained no provision for a waiver. In overruling the objection the court said: "A sufficient answer to this point is that one found guilty of a felony may waive the time which the Code says must elapse between the verdict and sentence, and may consent that judgment be pronounced immediately. (*People* v. *Robinson*, 46 Cal. 94.) Here it does not appear that the defendant ever made any objection in the court below on account of this alleged shortness of time, and he must therefore be held to have assented to it." In support of this conclusion the court cited the earlier case of *People* v. *Mess*, 65 Cal. 174, 3 Pac. 670. To the same effect is the case of *In re Smith*, 2 Nev. 338.

The statute under which this judgment was entered recognizes the right of defendant to waive the postponement. That the judgment of a court having jurisdiction both of the crime and the defendant is void because a formality, the observance of which the defendant may waive, has been overlooked, seems anomalous. It might well be argued that a postponement to a time beyond that allowed by the statute, without the consent of the defendant, would have resulted in a loss of jurisdiction. (*State ex rel. Collier* v. *Houston, supra.*) We are not willing, however, to say that the failure to pursue the statute in this case produced such a result. The failure to observe it was mere error within jurisdiction.

We do not decide whether the notice of appeal, without the giving of an undertaking by the defendant, had the effect of removing the case to the district court. It is doubtful whether under the statute an undertaking is required in such cases. If [2] the giving of the notice *ipso facto* effectuated the appeal, the complainant is not now held in execution of the judgment, but under the original warrant of arrest awaiting trial *de novo* in the district court. (Rev. Codes, sec. 9621.) The result of the appeal was to abrogate the justice's judgment, and defendant cannot complain of any irregularity committed by the justice in rendering it. (*State* v. *O'Brien,* 35 Mont. 482, 10 Ann. Cas. 1006, 90 Pac. 514; *In re Graye,* 36 Mont. 394, 93 Pac. 266.)

The complainant is remanded to the custody of the sheriff of Powell county.

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.