No. 22,312.

THE CITY OF LAWRENCE, *Appellee*, v. A. R. KAGI, *Appellant*.

SYLLABUS BY THE COURT.

1. CRIMINAL PRACTICE—*Conviction—Suspension of Sentence—Jurisdiction Not Lost*. It is competent for a court to postpone the rendition of judgment for a reasonable time after the return of a verdict in a criminal case, for the consideration of motions in arrest of judgment and for a new trial, or in order to determine the extent of the punishment to be imposed, or for any like purpose, and the fact that a term of court passed without sentence after the return of the verdict does not occasion a loss of jurisdiction or impair the power of the court to render judgment at a later term.

2. CITY ORDINANCE—*Regulating Sale of Milk—License Fee—Not a Tax on Cows*. A city ordinance regulating the sale of milk, which measured the license fee by the number of cows milked, which were kept outside of the corporate limits, cannot be regarded as a tax on the cows.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed November 8, 1919. Affirmed.

*A. C. Wilson,* of Lawrence, for the appellant.
*Walter G. Thiele,* city attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: A. R. Kagi was prosecuted in the police court of Lawrence for the violation of a city ordinance relating to the sale of milk, and was convicted on November 14, 1916. He appealed to the district court, where a jury found him guilty on one count. Two days later he filed motions in arrest of judgment and for a new trial, and on February 21, 1917, the motion for a new trial was overruled, and judgment was rendered imposing a fine of $10.00 and the costs, which were taxed at $53.85, and it was adjudged that he should be committed to jail until the fine and costs were paid. Neither fine nor costs were paid, and he was not committed to jail, nor were any steps taken towards enforcing the judgment until January 18, 1919, when an execution was issued to enforce payment of the judgment for costs. On January 28, 1919, defendant filed a motion in the district court to reopen the case and set aside the judgment on the grounds, first, that the city ordinance for the violation of which he was convicted was unconstitutional, and

second, that the court was without jurisdiction to render the judgment of conviction. The motion was overruled, and from that ruling defendant appeals.

In this belated motion the defendant sought to retry questions involved in the judgment from which no appeal had been taken, and which had stood as a finality for about two years. His principal contention is that as the court did not render judgment when the verdict was returned, nor until the expiration of the term, it lost jurisdiction of the case, and the judgment subsequently rendered was without validity. The filing of the motions in arrest of judgment and for a new trial constituted good reasons for the postponement of the sentence. It has been held that the court may withhold sentence, and that it is usual to do so until motions for a new trial and in arrest of judgment are disposed of. (*In re Strickler, Petitioner,* 51 Kan. 700, 33 Pac. 620.) It has been decided that judgment may be suspended not only for these purposes, but also to gain information which would enable the court to impose a just sentence on the defendant or give him an opportunity to perfect an appeal. (*In re Beck,* 63 Kan. 57, 64 Pac. 971.) *In re Terry,* 71 Kan. 362, 80 Pac. 586, is an authority that the statute does not require that sentence shall be pronounced immediately after verdict or plea of guilty, and that the court may "pronounce judgment within a reasonable time, in the due and orderly course of business." (p. 365.) Here there was no unreasonable delay, nor was the rendition of judgment indefinitely postponed. Delay was invoked by the defendant by the filing of motions for a new trial and in arrest of judgment, and the motion for a new trial was acted upon, we have seen, in about three months afterwards. It does not appear that defendant called up his motions before that time, nor that the delay was not in the due and orderly course of business. In fact, it does not appear that the motion in arrest of judgment was ever presented to the court or determined, and it is not an unreasonable inference that the motion had been abandoned by the defendant. When judgment was rendered, no appeal was taken from it, nor any question raised as to the regularity of the proceeding. Defendant appears to rely on *The State, ex rel., v. Sapp,* 87 Kan. 740, 125 Pac. 78, where the court indefinitely suspended the rendition of judgment as a disciplinary measure and with the understanding that judgment might or might not be subse-

quently rendered, depending on the good behavior of the defendant. This was held to be beyond the power of the court. In holding this, it was declared that the court has practically unlimited discretion in the postponement of judgment, so long as the rendition at some time remains in contemplation. It is true that the motion for a new trial was not determined and judgment rendered until the term succeeding the one in which the verdict was returned, but the passing of the term did not impair the power of the court to render judgment at a later term. In effect, that was said in *The State, ex rel., v. Sapp,* supra, so much relied on by the defendant. While holding that an indefinite suspension of a judgment for disciplinary purposes was beyond the power of the court, it was further said:

"Whether a postponement is rightful depends not upon its length or definiteness nor upon whether it extends beyond the term, but upon its purpose and character." (p. 742.)

Further on in the opinion it was remarked:

"The mere omission to pronounce sentence, even though several terms pass without an order of continuance or any other action, might not amount to a suspension of sentence, in the sense here intended, if it were occasioned, for instance, by a doubt as to whether a verdict should be set aside, or as to what punishment ought to be assessed. On the other hand, the fact that in the present case the order purported to suspend the sentences until a definite time does not prevent a loss of jurisdiction. A mere postponement of sentence until that time would of course not have devested the court of jurisdiction." (p. 744.)

The only attack made upon the validity of the city ordinance is that it amounts to a tax on defendant's cows, which it appears were kept outside of the corporate limits. The purpose of the ordinance is to regulate the sale and distribution of milk within the city, and to effect the purpose, provisions are made for inspection, the issuance of permits, and the collection of fees for the permits. In order to pay for inspection and supervision of the milk sold within the city, a license fee is required of $1 per cow for the first ten cows, and 50¢ for each additional cow, from which the milk sold was obtained. There is no contention that the license fee imposed exceeds the cost of inspection and supervision. While the number of cows is used as a basis in fixing the amount of the fee, it is in no sense a tax on the cows, and it cannot be regarded as an unreasonable or illegitimate charge for police surveillance.

The judgment is affirmed.