No. 23,900.

THE WICHITA PRODUCE COMPANY et al., *Appellees*, v. THE CITY OF WICHITA et al., *Appellants*.

SYLLABUS BY THE COURT.

1. OCCUPATION TAX—*Use of Delivery Wagons and Trucks—Valid City Ordinance*. An ordinance of a city of the first class, levying a license tax on all trades, businesses and occupations in the city, in which or incident to which delivery wagons or trucks are employed, is not necessarily void for arbitrariness of classification or unlawful discrimination.

2. SAME. The tax may be graded according to the number of vehicles employed, without becoming a vehicle tax.

3. SAME. An ordinance of the city of Wichita, of the character described, upheld.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge. Opinion filed October 7, 1922. Reversed.

*Robert C. Foulston*, and *George Siefkin*, both of Wichita, for the appellants.
*Earl Blake, W. A. Blake, Harold L. Blake*, and *J. E. Alexander*, all of Wichita, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was instituted by a number of Wichita merchants, to enjoin enforcement of an occupation-tax ordinance. The injunction was granted, and the city appeals.

The ordinance reads in part as follows:

"SECTION 1. That there be and hereby is levied and assessed upon each, every and all trades, businesses and occupations carried on, conducted or maintained in the city of Wichita, Kansas, in which, or incident to which, there is

Produce Co. v. City of Wichita.

used and operated, used or maintained, any delivery wagon or wagons, truck or trucks, an occupation tax equal to the following amounts:

"(a) For each such business, trade or occupation in which a delivery wagon or wagons, or truck or trucks of one-half ton or less is used, the annual fee of $5.00 per year."

Then follows a graduated schedule, concluding with a tax of $11 on those businesses in which trucks are used of a capacity of four tons or more, and a provision for a cumulative tax according to schedule, for total rated tonnage.

The evidence was that the plaintiffs deal in fruits, produce, hardware, groceries, and other articles of merchandise, and make deliveries of commodities by trucks. There are, however, merchants in the city engaged in the same kinds of business who make deliveries by other means than wagon or truck, and some who do not deliver goods to customers otherwise than at their stores. The ordinance was attacked as violative of the federal and state constitutions, because discriminatory, and as an attempt to impose a license fee on motor vehicles contrary to the provisions of chapter 69 of the Laws of 1921. Section 10 of that act exempts from municipal license fees all motor vehicles whose owners have complied with the state registration and licensing law.

The state law is limited to the subject expressed in its title—the registration of automobiles and other motor vehicles. For such registration a state license fee is imposed. The subject was one which demanded regulation of uniform operation throughout the state, and the statute is necessarily exclusive within its field. It does not, however, embrace the subject of city license taxes on business or occupation, and the question is whether the tax levied by the ordinance falls within that class.

In determining the amount of a business or occupation tax, the city may use property as a measure, without imposing a tax on the property itself. (*City of Newton v. Atchison,* 31 Kan. 151, 1 Pac. 288.) Thus a tax on the business of selling may be measured by the gross amount of sales, and not be a tax on the property sold. Illustrations may be found in 17 R. C. L. at page 511, and a case note in 12 L. R. A., n. s., at page 568, gives instances of license taxes graded according to the number of animals or vehicles employed in the business. The principle is the same as that which enables us to estimate the impecuniosity of a man by the number of worthless dogs he keeps. In the case of *City of Lawrence v. Kagi,* 105 Kan.

520, 185 Pac. 60, a license tax was imposed on persons delivering milk in the city. In the opinion it was said:

"While the number of cows is used as a basis in fixing the amount of the fee, it is in no sense a tax on the cows, and it cannot be regarded as an unreasonable or illegitimate charge for police surveillance." (p. 522.)

The principle is the same whether the tax be levied for purpose of regulation or for revenue. In this instance the truck tonnage used in or incidental to a business was made the standard by which to compute the contribution which the business ought to make. The standard is reasonably indicative of nature and quantity of business, which is an approved basis for computation of license taxes. and the tax is not a motor-vehicle tax.

The plaintiffs interpret the ordinance as applying solely to the business of those merchants who carry sold goods from store to customer, and limited their proof accordingly. The interpretation is altogether too narrow. The ordinance relates to truck tonnage, however it may be employed in or be incidental to a business.

No scheme of license taxes in a modern city can be perfect. There must be some omissions and some inequalities. The city must be accorded a large discretion in framing its regulatory and revenue measures, and in this instance we have the judgment of the city commission, familiar with the business and the business methods of the locality and their relations to problems of municipal government, that the ordinance is as equal and fair as may be. Wagons and trucks are so nearly necessary and universal accessories to city trades, businesses, and occupations, that it may not be declared, *ex cathedra*, that businesses using such vehicles may not be licensed as a class. There can be no sound judgment respecting such a classification without intimate acquaintance with facts which the court does not judicially know. Conceding soundness of classification, the case, *City of Covington v. Dalheim, etc.*, 126 Ky. 26, decided in 1907, and chiefly relied on by the plaintiffs, is an authority that the tax may be graded by the number of vehicles employed.

The judgment of the district court is reversed, and the cause is remanded with direction to deny the injunction.