DONALD F. WILSON, Petitioner and Respondent, v. J. E. BRODIE, Justice of the Peace of the Justice Court of Hellgate Township of the State of Montana, in and for the County of Missoula, Respondent and Appellant.

No. 11076.
Submitted October 4, 1966. Decided October 20, 1966.
419 P.2d 306.

H. J. Pinsoneault, Michael G. McLatchy (argued), Missoula, Charles Joslyn (argued), Helena, for appellant.

Vernon Hoven, Missoula, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from an order for the issuance of a writ of prohibition by the district court commanding the justice of the peace to desist and refrain from any further proceeding in a criminal matter.

On June 8, 1965, the State of Montana commenced an action in Justice Court against one Donald F. Wilson. The complaint filed accused Wilson of the misdemeanor of driving a vehicle on a highway under the influence of intoxicating liquor. June 30, 1965, was set for trial. The jury after hearing the evidence returned a verdict of guilty and left the punishment to the court. The jury was then polled at request of Wilson's counsel; four jurors were for conviction, and two were for acquittal. Wilson's counsel immediately gave oral notice of appeal. Justice of the Peace Brodie set the sentencing date for July 14,

1965. No objection was interposed by either Wilson or his counsel.

Wilson on July 9, 1965, petitioned the district court for a writ of prohibition alleging that the justice of the peace in fixing July 14th as the date for sentencing acted in excess of his jurisdiction, and that the order setting this date was invalid as being contrary to section 94-100-31, R.C.M. 1947. An order granting an alternative writ of prohibition was issued. On July 19, 1965, a hearing before the district court was had on the show cause order. The alternative writ was made permanent on July 26, 1966.

Section 94-100-31, states that "after a verdict against the defendant, * * * the court must appoint a time for rendering judgment, which must not be more than two days nor less than six hours after the verdict is rendered, unless the defendant *waive the postponement*." (Emphasis supplied.)

 In Montana a justice court is not a court of record.

The question in this case is whether or not defendant waived the postponement of the sentencing date. Justice Brodie testified that it was his practice to obtain the consent or agreement of all attorneys in a case before setting a definite time for sentencing. He said that such consent was received in this case and that the attorney for Wilson even requested that the date set for sentencing not be until after the Fourth of July holiday.

Testimony and affidavits of deputy county attorney Clark and McLatchy show that Wilson's attorney had stipulated with them as to the date set for pronouncement of sentence. A memorandum entry of Justice Brodie made a few days after trial shows that counsel for both sides stipulated to the sentencing date.

Defendant Wilson and his attorney both testified that there was no specific consent to waive the statutory sentencing time. The counsel could not recall whether he did or did not agree to the date set for sentencing.

An affidavit of Edward Wontor, the court reporter hired by Wilson for the trial in justice court, was filed. Wontor stated in the affidavit that he was present at the time of said order setting the sentencing date. He recalled that there was no agreement of counsel as to the sentencing date, nor consent to waive the statutory sentencing time. He was not available in the district court proceedings for examination on his affidavit.

We believe that the proof reveals that there was an effective waiver of the statutory sentencing time. Three witnesses gave positive testimony that there was a stipulation to the sentencing date. With but one exception, Wilson's evidence was only positive to the extent that Justice of the Peace Brodie did not specifically ask Wilson or his counsel whether they waived postponement.

The exception is the affidavit of Mr. Wontor who was present during only a part of the proceedings. Justice of the Peace Brodie and Deputy County Attorney McLatchy testified that Mr. Wontor was not present when the stipulation was made. Further, Mr. Wontor was not present for examination at the show cause hearing.

For the purposes of this case, this court indulges in presumptions 15, 16 and 17 of section 93-1301-7, R.C.M.1947, namely, Justice of Peace Brodie regularly performed his official duty; that Justice Brodie acting as justice of the peace was acting in the lawful exercise of his jurisdiction; and that his judicial record, while not conclusive, does still correctly determine or set forth the rights of the parties.

When the sentencing date was fixed Wilson and his counsel did not interpose objection. However, they did demand that the jury be polled and gave notice of appeal. In Hosoda v. Neville, 45 Mont. 310, 312, 123 P. 20, the same statute, section 94-100-31, R.C.M.1947, was in issue. We held that the defendant standing silent while sentence was passed before the required six hours had elapsed constituted consent to waive the statutory requirement. This court said: "* * * he, or at least his

counsel, knew what formalities the law required in that behalf, as well as his right to insist upon their observance, or, at his option, to waive them. He interposed no objection."

If Wilson or his counsel believed that postponement of sentencing would be prejudicial, either could or should have objected. Both remained silent. Too, from the record, this court cannot see how a postponement of sentencing for some 14 days, which included a national holiday week end, is prejudicial to Wilson.

Finally, the offense with which Wilson was charged is a misdemeanor. Section 32-2142, R.C.M.1947. It falls within the jurisdiction of a justice of the peace. Section 93-410, R.C.M.1947. There is no question but that Wilson had been arrested and was properly before the justice for trial. The forms of law were complied with up to the time of pronouncing judgment. Even if the sentencing, arguendo, was imposed irregularly it is still valid for the purpose of determining whether the justice was acting within his jurisdiction. It is merely a procedural irregularity which cannot be raised for the purpose of attacking the jurisdiction of the justice court. See People v. Dalton, 205 Misc. 755, 130 N.Y.S.2d 222, cited in State v. Porter, 143 Mont. 528, 538, 391 P.2d 704. The statute is directory rather than mandatory or jurisdictional. The sentence should be rendered within a reasonable time after the determination of guilt. See State v. Fedder, 1 Utah 2d 117, 262 P.2d 753.

Even though the justice court is of limited jurisdiction, we will not disturb the pronouncement of sentence unless there has been a miscarriage of justice.

Wilson, having given notice of appeal, is entitled to a trial de novo in the district court. Section 94-100-38, R.C.M. 1947.

The district court erred. It is ordered that the writ of prohibition issued by that court be, and it is, hereby annulled and held for naught.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUS-
TICES ADAIR, DOYLE and CASTLES concur.