No. 44,949

STATE OF KANSAS, *Appellee*, v. REX D. NELSON, *Appellant.*

(436 P. 2d 885)

Opinion filed January 27, 1968.

*Woody D. Smith,* of Topeka, argued the cause, and *Michael A. Barbara,* of Topeka, was with him on the brief for the appellant.

*Robert D. Hecht,* county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This is an appeal by the defendant, Rex D. Nelson, from an order of the district court denying his motion for discharge prior to imposition of sentence after having been convicted of the offense of first degree robbery.

The sole question for determination is whether or not the district court, by failing to pronounce sentence within five days after overruling defendant's motion for new trial, lost jurisdiction to impose sentence at a later date.

K. S. A. 62-1723 provides in part:

". . . If the motion for a new trial is overruled, sentence *shall* be imposed within five days. . . ." (Emphasis added.)

Defendant was found guilty by a jury of the offense of robbery in the first degree. A motion for new trial was timely filed, argued, and overruled on October 17, 1966, and the matter of sentencing was continued until October 27 for presentence investigation and report. Defendant, in the meantime, was committed to the county

jail. On the date set for sentencing, the court was engaged in a jury trial, and no action was taken. Defendant filed a motion for discharge on October 28 because the court had failed to impose sentence within five days after the date the motion for new trial was overruled. The motion was heard and denied on October 31. Defendant thereupon was sentenced to the penitentiary under the habitual criminal act (K. S. A. 21-107a); however, the sentence was made effective as of August 2, 1966.

Defendant asserts the provision of the statute is *mandatory*, and that the district court, by failing to impose sentence within five days after overruling defendant's motion for new trial, lost jurisdiction. The state, on the other hand, contends the statute is *directory* only and the district court properly ruled it had jurisdiction to impose sentence.

Before the enactment of K. S. A. 62-1722 [Now K. S. A. 1967 Supp. 62-1722] and K. S. A. 62-1723, which specify the time limitations for imposition of sentence, a court fulfilled its duty of pronouncing sentence after a plea, or finding, of guilty by imposing sentence "within a reasonable time in the due and orderly course of business." (*In re Terry*, 71 Kan. 362, 80 Pac. 586.) Postponement of of sentence was permissible in order for the court to consider post trial motions or gain information for the purpose of determining a just and appropriate punishment (*In re Beck*, 63 Kan. 57, 64 Pac. 971; *In re Strickler, Petitioner*, 51 Kan. 700, 33 Pac. 620), and the fact that sentence was not imposed until after the expiration of the term did not divest the court of jurisdiction to pronounce sentence at a later date (*City of Lawrence v. Kagi*, 105 Kan. 520, 185 Pac. 60). These early decisions were in accord with a substantial number of jurisdictions throughout the country (Annos. 3 A. L. R. 1003 and 97 A. L. R. 802).

As a corollary to the principle that the sentencing court had a duty to impose sentence within a reasonable time after conviction, it was recognized as being within the court's power to postpone sentence so long as imposition thereof was, in fact, contemplated in the future (*State, ex rel., v. Sapp*, 87 Kan. 740, 125 Pac. 78); however, the court was not empowered to suspend imposition of sentence as a disciplinary measure with the understanding that sentence might or might not be subsequently rendered, depending on the good behavior of the defendant. In such instance jurisdiction of

the case was lost and a valid sentence could not thereafter be pronounced. (*State, ex rel., v. Sapp,* supra; *In re Beck,* supra.)

Under existing statutory law, when a defendant pleads guilty, or is found guilty. the district court may order a presentence investigation by a probation officer (K. S. A. 62-2238). Unless the defendant announces that he desires to file a motion for new trial, he is to be sentenced within ten days; or upon his request, sentencing may be extended for a period of not to exceed thirty days, pending the preparation of a presentence report (K. S. A. 1967 Supp. 62-1722). If he announces his intention to file a motion for new trial, and said motion is timely filed, heard and overruled, sentence is to be imposed within five days (K. S. A. 62-1723). The statutes further authorize the district court, *inter alia,* to suspend the imposition of sentence and release the defendant on probation (K. S. A. 1967 Supp. 62-2239) under specific conditions (K. S. A. 62-2241). This power is designed to give the defendant the opportunity to rehabilitate himself while remaining at large. Upon violation of any of the conditions of probation, the court may revoke probation and impose any sentence which might originally have been imposed (K. S. A. 62-2244).

By the provisions of the foregoing statutes the sentencing court is given wide latitude in disposing of a criminal prosecution after conviction. If after denial of a new-trial motion imposition of sentence were suspended and defendant placed on probation and the conditions of probation later violated, it would be absurd to argue that the court had lost jurisdiction to impose sentence simply because more than five days had elapsed from the time defendant's motion for new trial had been overruled. In other words, were the five-day provision of K. S. A. 62-1723 construed to be mandatory, the end result would be that a court would never suspend imposition of sentence because of its lack of power later to impose sentence in the event there was a violation of the conditions of probation. Such an interpretation would, in our opinion, seriously emasculate the spirit and tenor of our code of criminal procedure with its broad powers of disposition.

Our belief that the statute is *directory* rather than mandatory is further buttressed by well-recognized rules of statutory construction to which we will briefly refer. When the legislature prescribes a time when an official act is to be performed, the broad legislative purpose is to be considered by the courts whenever they are called

upon to decide whether the time prescribed by statute is mandatory or directory. Provisions intended to secure order, system and dispatch in the mode of proceeding by public officials, and by a disregard of which parties cannot be injuriously affected, are not regarded as mandatory unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated. (*Shriver v. Board of County Commissioners*, 189 Kan. 548, 370 P. 2d 124, and cases therein cited.)

In *State v. Fedder*, 1 Utah 2d 117, 262 P. 2d 753, a case involving a statute which provided sentence was to be pronounced not less than two days nor more than ten days after conviction, it was stated:

". . . the time fixed by the statute is not jurisdictional, . . . and since it is regarded as merely directory the further provision that the judgment should be rendered within a *reasonable* time has been judicially read into the statute. . . ." (p. 120.)

After noting the sentencing court was authorized by statute to suspend imposition of sentence and place the defendant on probation "for such period of time as the court shall determine," the Utah supreme court held:

". . . The clear meaning of the words of the statute give[s] the court the power to withhold sentence until such time as the court determines whether or not the prisoner is capable of rehabilitation. . . . In this case, the withholding of final judgment was not unreasonable within the interpretation of the judgment statute, . . ." (p. 120.)

Also, see *Wilson v. Brodie*, 148 Mont. 235, 419 P. 2d 306.

The purpose of the time limitation provided for in K. S. A. 62-1723 is to prevent prolonged, unreasonable delay in the sentencing of a defendant after his motion for new trial is overruled. The fair import of the statute, when construed with the other provisions previously discussed, leads to the conclusion that the statute is merely *directory*, not jurisdictional, and a valid sentence may be imposed within a reasonable time after the denial of a motion for new trial. In the instant case the delay was not unreasonable, and although more than five days had elapsed after the defendant's motion for new trial was overruled, the court had jurisdiction to impose sentence. We wish to emphasize that even though the defendant was given credit for time spent in jail following his arrest and pending disposition of the case (K. S. A. 62-1533), this was not a factor in our determination of the jurisdictional question before us.

The judgment is affirmed.