No. 45,781

Rex D. Nelson, *Appellant,* v. State of Kansas, *Appellee.*

(464 P. 2d 7)

Opinion filed January 24, 1970.

*Woody D. Smith,* of Topeka, argued the cause and was on the brief for the appellant.

*Gene M. Olander,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, was with him on the brief for the appellee. ·

The opinion of the court was delivered by

Hatcher, C.: This is an appeal from a judgment denying relief in a proceeding under K. S. A. 60-1507.

In March, 1958, while represented by counsel, appellant pled guilty to the offense of grand larceny. On the same date he was sentenced to confinement for not less than five years in the Kansas State Industrial Reformatory but was immediately granted a parole under the usual conditions.

In June, 1958, appellant's parole was revoked for violation of its provisions. He then served the sentence and was released from custody.

In September, 1966, while represented by appointed counsel, appellant was convicted of the offense of robbery in the first degree. The habitual criminal act was invoked, the state presenting evidence of the 1958 conviction. Appellant was sentenced to confinement in the Kansas State Penitentiary for a term of not less than twenty or more than forty-two years. An appeal was taken in that case from an order of the district court denying a motion for discharge prior to imposition of sentence. (*State v. Nelson,* 200 Kan. 411, 436 P. 2d 885, cert. den. 392 U. S. 915, 20 L. ed. 2d 1375, 88 S. Ct. 2078.)

On June 28, 1968, appellant filed a motion in Shawnee County District Court under the provisions of K. S. A. 60-1507, alleging that the use of the 1958 conviction for purpose of the habitual crim-

inal· act violated his rights under the Sixth and Fourteenth Amendments since the 1958 parole revocation was made when he was without counsel.

Following a hearing the trial court concluded:

"The Court finds that the petitioner's contention that his probation was later revoked without the presence of counsel at that time in no way affects the meaning and intent of the Habitual Criminal Act which is based solely upon whether or not the defendant had been previously convicted of the felony.

"The Court further finds that the issue of whether or not the plaintiff was or was not represented at the time his probation was revoked in the conviction had on March 19, 1948 [1958], in no way affects the right of the State to request the invocation of the Habitual Criminal Act."

The appellant on appeal raises the same question of law.

We are forced to agree with the trial court's conclusions. The provision for sentencing under the habitual criminal act (K. S. A. 21-107a) is controlled by and limited to the matter of previous conviction of a felony. The matter of the previous sentence, parole or revocation of the parole has no bearing. (*Current v. Hudspeth,* 173 Kan. 694, 250 P. 2d 798; *Murray v. Hand,* 187 Kan. 308, 356 P. 2d 814.)

The judgment is affirmed.

APPROVED BY THE COURT.