Rex DeWayne NELSON, Appellant,

v.

WARDEN OF the KANSAS STATE PENITENTIARY, Appellee.

No. 549–70.

United States Court of Appeals, Tenth Circuit.

Jan. 25, 1971.

Rehearing Denied March 5, 1971.

Kent Frizzell, Atty. Gen. and Edward G. Collister, Jr., Asst. Atty. Gen., have filed a motion to affirm and suggestions in support of summary affirmance on behalf of appellee.

Rex DeWayne Nelson has filed a memorandum opposing summary affirmance pro se.

Before LEWIS, Chief Judge, and BREITENSTEIN and McWILLIAMS, Circuit Judges.

PER CURIAM.

Nelson appeals from denial of a petition for a writ of habeas corpus. In 1966, he was convicted of robbery in the first degree. The sentencing court having found that Nelson had been convicted of a prior felony in 1958, an augmented sentence of not less than twenty (20) nor more than forty-two (42) years was imposed pursuant to the Kansas Habitual Criminal Act, K.S.A. 21–107a. The conviction and sentence were affirmed on appeal. State v. Nelson, 200 Kan. 411, 436 P.2d 885 (1968), cert. denied, 392 U.S. 915, 88 S.Ct. 2078, 20 L. Ed.2d 1375 (1968).

Apparently, Nelson was granted probation following his 1958 conviction. When probation was later revoked, he commenced serving the sentence in jail. That sentence has long since expired and his current detention is in accordance with the 1966 conviction and sentence; but, Nelson now asserts that he was denied assistance of counsel at the revocation proceedings.

The issue presented here is whether events surrounding the matter of the 1958 sentence precludes the imposition of the present enhanced sentence. Petitioner Nelson contends that his 1958 conviction is constitutionally infirm and may not be relied upon to inflict enhanced punishment in the instant case by virtue of the fact that he appeared without counsel at the probation revocation. The Kansas courts have considered and rejected this contention in Nelson's motion attacking sentence. Nelson v. State, 204 Kan. 623, 464 P.2d 7

(1970). It thus appears that petitioner has exhausted available state remedies.

██ The manner in which a sentence is to be served—imprisonment, parole, or probation—must be distinguished from the litigation process resulting in what is properly termed "conviction." The petitioner does not attack the procedures culminating in his 1958 conviction, nor does he assert a denial of counsel at that time. On the contrary, Nelson was represented by counsel throughout those proceedings. Nelson's argument is, in fact, directed to the post-adjudication stage. In this regard, we note that an illegal confinement after revocation of probation will not invalidate the conviction upon which it is based. See Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).

██ The Kansas Supreme Court has interpreted K.S.A. 21–107a as applying only to a prior conviction. Nelson v. State, supra; Murray v. Hand, 187 Kan. 308, 356 P.2d 814 (1960). A former conviction that is valid and within the purview of that section justifies the invocation of the enhanced punishment provisions of the habitual criminal act. This interpretation, as a matter of state law, is conclusive on the federal courts. See Francia v. Rodriguez, 371 F.2d 827 (10th Cir. 1967); Ratley v. Crouse, 365 F.2d 320 (10th Cir. 1966); and Mesmer v. Raines, 298 F.2d 718 (10th Cir. 1961).

██ Given the interpretation of the state court, the issue of the legality of the post-revocation confinement has no bearing upon the legality of the current sentence. There being no evidence that the prior conviction was constitutionally defective and petitioner having completed the 1958 sentence, we must agree with the district court's conclusion that the petitioner has failed to state a claim upon which relief may be granted.

Nelson has been informed that we were considering summary affirmance. In response, Nelson has submitted a memorandum addressing the merits and opposing such disposition. The appellee has also filed a motion to affirm. Having carefully reviewed the files and record in this case, we are convinced that the judgment of the district court was correct and should be affirmed.

Accordingly, the motion to affirm is granted and the judgment is affirmed.