No. 99-223

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 297N

DARYL A. STENSTROM,

Plaintiff/Appellant,

v.

STATE OF MONTANA, CHILD

SUPPORT ENFORCEMENT DIVISION,

Defendant/Respondent.

APPEAL FROM: District Court of the Twentieth Judicial District,

In and for the County of Lake,

The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Terry Wallace, Boulder, Colorado

For Respondent:

Lonnie J. Olson, Child Support Enforcement Division Department of Public Health and Human Services, Helena, Montana

Submitted on Briefs: July 20, 2000
Decided: November 30, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Daryl A. Stenstrom (Stenstrom) appeals the decision of the Twentieth Judicial District Court, Lake County, affirming the Child Support Enforcement Division's (CSED) decisions and dismissing Stenstrom's Notice of Appeal and his "Complaint for Relief Jury Demand." We affirm.

¶3 Stenstrom lumps his entire appeal under one issue. However, the issues on appeal are properly restated as follows:

> 1. Was the administrative hearing, held pursuant to § 40-5-414, MCA, a paternity proceeding and consequently a closed hearing?

> 2. Did the failure of CSED to inform Stenstrom of the hearing results within the 45-day period, prescribed by statute, deprive it of subject matter jurisdiction?

> 3. Was CSED required to register the Nebraska child support order?

> 4. Are the requested remedies available under Montana law to Stenstrom?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 This case has to do with the process under which the CSED established an income withholding order against Stenstrom in an attempt to enforce the provisions of a Nebraska child support order. It has been between this Court and the District Court several times. This case commenced on October 3, 1994, when CSED received an interstate referral from the State of Nebraska. The referral requested enforcement of a support obligation entered by a Nebraska court against Stenstrom. That support obligation was determined and set forth by an order of the district court of Lancaster County, Nebraska, dated July 17, 1986. The order found that Stenstrom was the father of Troy Clark, and set child support payments of $125.00 per month commencing August 1986.

¶5 On November 16, 1994, CSED served Stenstrom with a notice of intent to withhold. He requested a hearing, which was set for January 17, 1995, more than sixty days after the notice of intent was served. Prior to the presentation of evidence at the January 17 telephonic administrative hearing, Stenstrom objected to the presence of two CSED employees, an investigator supervisor and a paralegal. He moved for the hearing to be closed under the Uniform Parentage Act, § 40-6-120, MCA. CSED objected, claiming this proceeding was undertaken pursuant to § 40-5-414, MCA. The matter was continued at Stenstrom's request to allow briefing on this issue.

¶6 On May 1, 1995, Administrative Law Judge (ALJ) John Koch issued his order denying motion for a closed telephone hearing and order denying motion to dismiss. The order stated that Stenstrom could not raise paternity as an issue in the proceeding and that the delay in holding the initial hearing was warranted. The hearing was then reset for June 19, 1995.

¶7 On June 15, 1995, before the administrative hearing was held, Stenstrom filed with the District Court his "Complaint for Relief Jury Demand." The complaint alleged that the defendant State of Nebraska fraudulently obtained its paternity and support order against him; that defendant State of Montana CSED failed to register the Nebraska order; that a final decision of CSED would not provide him an adequate remedy and therefore the decision to foreclose the issue of paternity was immediately reviewable under § 2-4-701, MCA; that defendants intentionally and deliberately inflicted extreme emotional and mental pain and anxiety on him; and he requested reasonable attorney fees, return of wages with interest, damages, and costs. In the complaint, Stenstrom asked the District Court to declare "defendants' order null and void from fraud and lack of jurisdiction." Stenstrom did not request the ALJ or the District Court to stay the impending administrative hearing.

¶8 Stenstrom refused to appear at the June 19, 1995, administrative hearing. The hearing was conducted in his absence and on June 29, 1995, ALJ Koch issued an income withholding decision and order. ALJ Koch determined that Stenstrom owed arrears of $1,710.62 for the support of his son for the period August 1986 until April 1994 under the terms of the Nebraska order. This order was later amended, *nunc pro tunc*, by the amended income withholding decision and order dated July 11, 1995, to clarify that the child was adopted in April 1989 and at that time Stenstrom's support obligation ended. The July 11 order did not affect the amount of support due.

¶9 On July 31, 1995, Stenstrom filed a Notice of Appeal in the District Court seeking judicial review of the June 29, 1995, income withholding decision on the basis *inter alia*, that CSED lacked *in rem* and *in personam* jurisdiction as a result of his complaint filed in the District Court. On March 15, 1996, the District Court dismissed both the complaint and petition. Stenstrom appealed the decision to this Court.

¶10 In Stenstrom v. State (1996), 280 Mont. 321, 930 P.2d 650, we affirmed in part and reversed in part and remanded for further proceedings. We affirmed the District Court's order dismissing the complaint for a jury trial for the tort claims asserted therein. However, we reversed the District Court's dismissal of Stenstrom's Notice of Appeal of the ALJ's June 29, 1995, order setting child support and his request for immediate judicial review of the ALJ's May 1, 1995, order refusing to close the telephonic administrative hearing and precluding paternity as an issue in the hearing. We remanded the case for judicial review of these two administrative orders.

¶11 On March 10, 1998, Stenstrom brought a motion before the District Court requesting the administrative proceeding be dismissed for failure of jurisdiction, restitution and, alternatively, an order compelling a blood test to determine paternity. On April 29, 1998, the District Court denied Stenstrom's motions. On May 5, 1998, the District Court entered its order setting a hearing in this matter.

¶12 On June 5, 1998, Stenstrom appealed the order dated April 29, 1998, to this Court. Thereafter, by minute entry dated June 17, 1998, the District Court vacated the scheduled hearing, based upon the assumption of jurisdiction by this Court. CSED filed a motion to dismiss the appeal, arguing the order appealed from was not a final judgment, as required under Rule 1, M.R.App.P. Subsequent to briefing, we granted the motion, and the appeal was dismissed without prejudice.

¶13 The matter again returned to the District Court. CSED moved the District Court for an order based upon the record and presented a stipulation of the parties supporting the motion. On February 22, 1999, the District Court entered its final order dismissing Stenstrom's notice of appeal and complaint. Stenstrom appeals from this District Court order affirming both the June 29, 1995, administrative order setting child support and the May 1, 1995, administrative order refusing to close the administrative hearing and precluding paternity as an issue in the hearing.

## DISCUSSION

¶14 Stenstrom argues that the District Court erred in dismissing his petitions for judicial review because CSED lost jurisdiction over him in two ways. First, Stenstrom argues CSED's failure to inform him of the hearing results within the 45-day period required by § 40-5-414(6), MCA, divested it of jurisdiction. Second, Stenstrom argues CSED lost jurisdiction over him because it failed to notify him when it registered the Nebraska child support order. Stenstrom asserts that the proper remedy for CSED imposing income withholding on him without jurisdiction and preventing him from going forward with the issue of paternity is the full repayment of all income seized from him, making a finding that he is not the father of Troy Clark, and awarding him his attorney fees.

¶15 CSED explains that this case involves an attempt to enforce an existing child support order, rendered by the State of Nebraska. CSED points out that it proceeded under Montana's enabling statutes, which do not require the agency to register a foreign order prior to enforcement. CSED argues that although Stenstrom has made numerous claims relating to the paternity of the child on whose behalf the support order was rendered, the administrative hearing did not deal with the issue of paternity. That issue was resolved in Nebraska and could not be addressed in the administrative forum. Rather, the purpose of the administrative hearing was to determine whether the State could withhold funds from Stenstrom's income. It was a public hearing under § 40-5-414, MCA, and Stenstrom had no right to demand it be closed as a paternity case.

¶16 CSED argues it had both subject matter and personal jurisdiction over Stenstrom. The failure of the agency to announce a decision within the 45-day period provided by the statute then in effect, § 40-5-414(4)(b), MCA (1993), did not deprive it of subject matter jurisdiction over this case.

¶17 We affirm the District Court on all issues. We decline to address whether the

administrative hearing at issue here was a paternity proceeding, because of Stenstrom's failure to comply with Rule 23(4), M.R.App.P. The time limit requirements in § 40-5-413, MCA, and 46.30.642(2)(b), ARM, requiring CSED to inform Stenstrom of the hearing results within 45 days are directory, and did not deprive the District Court or the ALJ of jurisdiction. Lastly, we decline to address whether CSED was required to register the Nebraska child support order prior to enforcing it because of Stenstrom's failure to comply with Rule 23(4), M.R.App.P.

## ISSUE 1

¶18 **Was the administrative hearing, held pursuant to § 40-5-414, MCA, a paternity proceeding and consequently a closed hearing?**

¶19 Stenstrom merely asserts that the administrative hearing should have been closed because it is a paternity proceeding and thus confidential in Montana. Stenstrom fails to cite any authority in support of his assertion. This failure is fatal. We decline to address this issue.

¶20 It is not this Court's obligation to develop arguments or locate authorities in support of a party's assertion. State v. Blackcrow, 1999 MT 44, ¶ 33, 293 Mont. 374, ¶ 33, 975 P.2d 1253, ¶ 33. Stenstrom has the burden of establishing error by the District Court. Rieman v. Anderson (1997), 282 Mont. 139, 147, 935 P.2d 1122, 1127. Further, Rule 23(4), M.R. App.P., requires Stenstrom to cite to authority in support of the positions he advances on appeal. Rule 23 (4), M.R.App.P.

¶21 Because Stenstrom fails to cite any authority in support of his assertion that the administrative hearing was a confidential paternity matter closed under Montana law, we decline to address this issue further. The District Court is thus affirmed on this issue.

## ISSUE 2

¶22 **Did the failure of CSED to inform Stenstrom of the hearing results within the 45-day period, prescribed by statute, deprive it of subject matter jurisdiction?**

¶23 Stenstrom claims that the failure of the ALJ to conclude his hearing within the 45 days set by § 40-5-414(6), MCA (1993), deprived it of jurisdiction over his case. Stenstrom raises no constitutional attacks. Rather, he bases his argument entirely upon the statute. Stenstrom cites Connell v. State Dept. of Social Services (1997), 280 Mont. 491, 930 P.2d

88 (a 44-month delay in a CSED hearings officer to render a child support collection decision violated due process guarantees), in support of his argument.

¶24 Under § 40-5-414(4)(b), MCA (1993), and § 46.30.643(2)(b), ARM, CSED had 45 days from the date of the service of the notice of intent to inform Stenstrom of the hearing results. The statute reads as follows:

> (4) If the obligor requests a hearing within the 10-day period:
>
> . . .
>
> (b) the department shall, within 45 days of the service of the notice of intent to withhold income, inform the obligor of the hearing results concerning whether income withholding will take place.

Section 40-5-414(4)(b), MCA (1993). The administrative rule similarly reads as follows:

> (2) To enable the CSED to comply with federal time frames, pre-hearing motions, discovery, exchanges of briefs, scheduling and conduct of hearings, the granting of continuances, delays, and extensions of time and other related matters must be completed within such time as will permit the hearing officer to render a final decision and order within:
>
> . . .
>
> (b) 45 days after successful service of a notice under 40-5-413, MCA.
>
> . . .
>
> (4) failure by the CSED to meet the time frames does not deprive the CSED of either subject matter or personal jurisdiction.

Section 46.30.643, ARM. Neither the statute nor the regulation specifies a sanction in the event CSED failed to comply with the 45-day time period. However, the administrative rule specifically provides that failure to meet the 45-day time frame does not deprive CSED of jurisdiction.

¶25 Stenstrom argues that § 46.30.643(4), ARM, is invalid because it directly contradicts

§ 40-5-414, MCA (1993). He correctly points out that a regulation derives its force and effect from the statute under which it is enacted, and a regulation in conflict with its statute is invalid. Bick v. State, Dept. of Justice (1986), 224 Mont. 455, 457, 730 P.2d 418, 420; Sharp v. Department of Revenue of State (1997), 284 Mont. 424, 429, 945 P.2d 38, 41. Stenstrom argues that because § 40-5-414, MCA (1993), contains the word "shall" the time period is mandatory by all reasonable interpretations. We disagree.

¶26 The existence of the term "shall" is not conclusive in our analysis. Whether a statute is directory or mandatory depends upon the legislative intent of the statute. Miller v. Aetna Life Ins. Co. (1936), 101 Mont. 212, 221, 53 P.2d 704, 708 (statute relating to enrollment in workers' compensation containing "shall" was deemed directory only). The question is whether the thing directed to be done is of the essence of the statute, or is a mere matter of form. State v. Zimmerman (1937), 105 Mont. 464, 466, 73 P.2d 548, 550 (statutes prescribing a standard for classifying counties for the purpose of regulating county officers' salary containing "shall" was held to be directory only). If violation of the statute is merely a procedural irregularity not intended for the purposes of attacking jurisdiction of a court, the statute is directory rather than mandatory or jurisdictional. Wilson v. Brodie (1966), 148 Mont. 235, 238, 419 P.2d 306, 309 (failure of a justice court to enter judgment within the time required by statute did not divest it of jurisdiction). Although the term "shall" connotes mandatory, the legislative intent of the statute must be taken into consideration in determining if the statute is directory or mandatory. Matter of A.N.S. (1992), 252 Mont. 279, 283, 828 P.2d 1357, 1360 (statute stating that termination of parental rights "shall" be considered at dispositional hearing within 180 days of filing of petition was directory, rather than mandatory).

¶27 Here, the declared purpose of this statutory scheme is the collection of support by income withholding on behalf of children, a purpose which the legislature expressed to be the "highest priority." Section 40-5-402(1), MCA. The time limitation is provided to encourage the prompt handling of these cases so that deserving children receive the support owed to them as soon as possible. Stenstrom's reading of § 40-5-414(4)(b), MCA (1993), would frustrate this purpose by allowing him to avoid his child support obligations based upon a mere procedural irregularity. Furthermore, Stenstrom's case is directly analogous to *Matter of A.N.S.*

¶28 In *Matter of A.N.S.*, a mother argued that the word "shall" in a statute mandated dismissal of the action to terminate her parental rights if the 180-day time limitation was not met. *A.N.S.*, 252 Mont. at 282, 828 P.2d at 1359. The legislative intent of the statute in

question was to provide added protection to children who are the subjects of abuse, neglect, and dependency by encouraging those cases to be handled in a reasonably prompt manner. *A.N.S.*, 252 Mont. at 282, 828 P.2d at 1359. Therefore, we held that the statute was directory and that the district court did not lack jurisdiction to terminate the mother's parental rights. Likewise, we hold that § 40-5-414(4)(b), MCA (1993), is directory and CSED was not divested of jurisdiction to withhold child support owed.

¶29 The District Court is affirmed on this issue.

## ISSUE 3

¶30 **Was CSED required to register the Nebraska child support order?**

¶31 Stenstrom merely asserts, without citation to authority yet again, that CSED waived jurisdiction over both him and the subject matter of this case by failing to notify him of the registration of Nebraska's child support order. We decline to address this issue for the reasons stated under Issue 1.

## ISSUE 4

¶32 **Are the requested remedies available under Montana law to Stenstrom?**

¶33 Lastly, Stenstrom makes several unusual requests of this Court. First, he requests that we declare that he is not the father of Troy Clark, or that we order a blood test to determine paternity. Second he requests this Court to order that all the income withheld and tax refund interceptions be returned to him with interest and that CSED be enjoined from further collection action against him. Third, he requests that he be awarded his attorney fees.

¶34 This case does not invoke the original jurisdiction of the Court, nor could it. Art. VII, Sec. 2, Mont.Const.; § 3-2-202, MCA. Although we may affirm, reverse, or modify the decision of the District Court, we cannot grant the extraordinary relief sought by Stenstrom regarding a declaration of non-paternity, an injunction against CSED, nor a refund of child support payments made to the State of Nebraska.

¶35 Stenstrom's reliance on § 37-61-421, MCA, is misplaced. This statute allows attorney fees reasonably incurred because of a party's conduct that unreasonably and vexatiously multiplies the proceedings in a case. Section 37-61-421, MCA. Once again, Stenstrom

makes no argument that CSED vexatiously and unreasonably multiplied the proceedings of this case. Rather, it has been Stenstrom's conduct in litigating this case that has multiplied proceedings and caused delays. We conclude that Stenstrom is not entitled to attorney fees under this statute.

¶36 Third, Stenstrom asserts that he should be awarded his attorney fees pursuant to § 25-10-711(1)(a)&(b), MCA. This statute allows the award of attorney fees to a prevailing party when a district court finds that the claim or defense of the agency was frivolous or pursued in bad faith. As established under the aforementioned issues, this statute does not apply either. Stenstrom is not the prevailing party, nor was CSED's claim frivolous or pursued in bad faith.

¶37 Therefore, we hold that the remedies demanded by Stenstrom cannot be granted. Further, Stenstrom has failed on all accounts to carry his burden of demonstrating that the District Court erred in affirming CSED's decisions.

¶38 The District Court is affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY