No. 44,643

STATE OF KANSAS, *Appellee*, v. JACK C. EATON, *Appellant*.

(428 P. 2d 847)

Opinion filed June 10, 1967.

*Jan W. Leuenberger*, of Topeka, argued the cause and was on the brief for the appellant.

*Robert Hecht*, County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: Defendant appeals from a conviction of burglary in the second degree (K. S. A. 21-514) and larceny in connection therewith (K. S. A. 21-524). Having twice previously been convicted of a felony he was sentenced to confinement on each charge for a period of 15 years (K. S. A. 21-107a), the sentences to run concurrently.

Narration in detail of the facts is unnecessary. It is sufficient to state that on the afternoon in question defendant entered through a closed door a home in North Topeka and made off with a cash box containing $356.00, being receipts from the operation of a tavern next door also owned by the owner of the home which was entered. He was seen by the daughter and wife of the owner. They alerted their father and husband, and also the sheriff's office. Defendant was seen driving a green and white car. While being pursued he drove the car into a dike, jumped out and ran. He soon was discovered hiding in weeds near a creek. The money was found tucked in his rolled-up sleeve. Quite "coincidentally" he volunteered the remark that he was helping search for the "so-and-so who had robbed the tavern"—although no one had mentioned the matter. He was taken to jail and later charged and convicted.

In this appeal five contentions are made—all of which we find to be without merit.

The first is that defendant was denied the effective assistance of counsel. The record shows that he was represented by his retained attorney at the preliminary examination. Apparently they had a disagreement and the attorney later was allowed to withdraw. On the morning the case was set for trial, at defendant's request, Robert M. Brown, an experienced member of the Topeka Bar and former county attorney, was appointed to represent him. There was no request for a continuance, and, in open court, both defendant and Mr. Brown consented to proceed with the trial that afternoon. No showing whatsoever of any prejudice has been made.

Secondly, it is contended the state's evidence failed to establish ownership of the premises in question and failed to show a sufficient "breaking and entering." Neither contention is good. The ownership of both the home and money was established—and, as to the other point—see *State v. Gatewood,* 169 Kan. 679, 682, Syl. 1, 221 P. 2d 392.

The third and fourth contentions may be considered together. At the trial defendant and several of his witnesses testified that on the day in question he was under the influence and effect of narcotics—an inhaler type—and therefore was without the mental capacity to commit the offense. At the hearing on his motion for a new trial he sought to show alleged newly discovered evidence— that on the day in question he also was under the influence of another drug—morphine. In this connection he sought to introduce the testimony of a doctor as to the effect of the use of that drug. The trial court ruled such fact was not "newly discovered evidence" (K. S. A. 60-259 ( *a* ) *Fifth.* ) and refused the evidence of the doctor. The ruling was proper. It was not newly discovered evidence. See *State v. Oswald,* 197 Kan. 251, 256, 257, 417 P. 2d 261.

Finally, it is argued that it was error to admit any portion of defendant's "statement" into evidence. During the trial some reference was made concerning an alleged statement defendant had given to the officers. The record shows, however, that it was not offered in evidence and no part of it was presented before the jury.

No error has been shown and the judgment is affirmed.