No. 44,619

STATE OF KANSAS, *Appellee*, v. JACK C. EATON, *Appellant*.

(433 P. 2d 847)

Opinion filed November 13, 1967.

*Joel A. Sterrett*, of Topeka, argued the cause and was on the brief for appellant.

*Robert D. Hecht*, County Attorney, argued the cause and *Robert C. Londerholm*, Attorney General, was with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: Defendant appeals from a conviction for escaping jail (K. S. A. 21-736). Having been convicted of two prior felonies he was sentenced to life imprisonment (K. S. A. 21-107a).

While defendant was being held in Shawnee county on criminal charges of burglary and larceny he escaped custody. He was apprehended and later convicted on the burglary and larceny charges. (See *State v. Eaton*, 199 Kan. 192, 428 P. 2d 847.) This present appeal concerns only the conviction for escaping jail.

After his escape from custody in Shawnee county Jack C. Eaton was picked up by Missouri and Kansas authorities in Lone Jack, Missouri. A member of the Shawnee county sheriff's patrol was present at the time. Eaton was taken to the sheriff's office in Independence, Missouri, and from there to Kansas.

The defendant in the presence of his court appointed attorney waived trial by jury and entered a plea of not guilty. The trial and

sentencing proceedings were held before the court without a jury. He was found guilty.

The defendant raises three questions on appeal.

He first contends that K. S. A. 21-107a is unconstitutional because of failure to uniformly apply the act to all third time offenders and to apply the act in his case would deny him equal protection of the laws as required by Amendment 14 §1 of the United States Constitution.

The record is devoid of any showing of inequality or lack of uniformity in applying the statute. The identical question has been answered by this court. A proper exercise of discretion by a county attorney in seeking to invoke K. S. A. 21-107a does not deprive one of due process or equal protection when the enhanced penalty is imposed. (*In re Skinner,* 136 Kan. 879, 18-P. 2d 154; *Gladen v. State,* 196 Kan. 586, 413 P. 2d 124; *State v. Coutcher,* 198 Kan. 282, 424 P. 2d 865; *Oyler v. Boles,* 368 U. S. 448, 82 S. Ct. 501, 7 L. Ed. 446.)

Defendant's second contention is directed at jurisdiction of the trial court. He states that a violation of his rights of citizenship occurred when he was forced to return to Kansas to answer the charge of escaping jail.

When defendant was apprehended in Lone Jack, Missouri, he was found hiding in a closet, obviously under the influence of narcotics. While in the custody of the Missouri officers his lack of cooperation resulted in the application of some physical force by the Missouri officers. He testified on motion to quash the information that he was struck twice, was forcibly seated in a chair and would not have agreed to return to Kansas except for fear of the "Missouri officers." It appears from defendant's testimony that he received a "shot" administered by a nurse in the sheriff's office in Missouri. The injection was given at a time when he was under the influence of narcotics and had asked for a doctor. The nature and effect of this "shot" upon defendant is not shown in the record. The Kansas officers did not threaten or mistreat him. They returned him to Kansas for trial on the burglary and larceny charges.

The defendant argues he was returned to Kansas by force and coercion in violation of his constitutional rights and the Kansas court had no jurisdiction to try him in the absence of legal extradition proceedings.

The fact defendant was brought back to Kansas to stand trial for burglary and larceny should not be overlooked. These charges were pending at the time of his escape from custody. He was

convicted of the charges. It was after his return on the burglary and larceny charges that the present proceedings began.

However, even if his return can be related to the present charge this court has consistently held that a defendant's physical presence in the state is sufficient to support a conviction and jurisdiction does not depend upon how he came to be within the state. (*Brandt v. Hudspeth,* 162 Kan. 601, 605, 178 P. 2d 224; *State v. Wharton,* 194 Kan. 694, 401 P. 2d 906; *Hanes v. State,* 196 Kan. 404, 411 P. 2d 643.)

Constitutional provisions requiring extradition from one state to another were adopted to promote justice and to aid states in enforcing their laws and not to shield malefactors. (*Ex parte Chase,* 84 Okl. Cr. 159, 180 P. 2d 199.) We find no merit to defendant's second contention.

Defendant's final contention is that the evidence of prior felony convictions was insufficient to support sentence under the habitual criminal act.

When the defendant was sentenced the state offered evidence of several previous convictions. One was for larceny of an automobile in Missouri. A second was for transporting a stolen vehicle in interstate commerce, a federal conviction. A third was for breaking and entering and for grand larceny in Wyoming.

The Missouri conviction was evidenced by certified true copies of photographs, fingerprint record and commitment record of the defendant by the Director, as official custodian of the files, of the Missouri State Penal Institution. The federal conviction was evidenced by certified true copies of records on file in the United States Penitentiary, Atlanta, Georgia, including a certified copy of the judgment and commitment of defendant to that institution. It was properly certified by the acting warden. The Wyoming conviction was evidenced by certified true copies of photographs, fingerprint records, judgment and commitment of the sentencing court. It was certified by the warden of the Wyoming State Penitentiary and attested by the Secretary of State of Wyoming. Various other papers were also submitted to establish three additional crimes but a review of these will be unnecessary. Two prior felony convictions, if valid, will support defendant's sentence.

Evidence of previous convictions may be based upon records certified by a warden or director of a penal institution in which defendant served. (See *Burnett v. State,* 199 Kan. 362, 429 P. 2d 923;

*State v. Hall,* 187 Kan. 323, 356 P. 2d 678; *State v. Loyd,* 187 Kan. 325, 356 P. 2d 825.)

Although defendant now objects to this evidence he did not do so at the time such evidence was introduced. The record of such proceedings at sentencing appears as follows:

"THE COURT: We are here on defendant's motion for a new trial and if that motion is overruled, for sentencing?

"MR. HECHT [County Attorney]: That is correct, Your Honor.

"THE COURT: All right. Mr. Wells, you filed on March 9, 1966, a motion for a new trial. Would you like to be heard on that?

"MR. WELLS [Defense counsel]: No, Your Honor, I think the record would indicate whatever arguments I might have and that hasn't changed any.

"THE COURT: Your arguments were made when now?

"MR. WELLS: They were made on the motion which was March 8th, sir.

"THE COURT: That motion is overruled. Now, is there any legal reason why sentence should not now be imposed?

[No answer appears in the record.]

"Whereupon, the state introduced into evidence for purposes of supporting its allegations in connection with sentencing under the provisions of K. S. A. 21-107 (a) Exhibits 1 through 5.

· · · · · · · · · · · · · ·

"THE COURT: Any objections?

"MR. WELLS: No objections, Your Honor.

"THE COURT: Will be received. Mr. Wells, what do you have to say?

"MR. WELLS: Your Honor, I would like to object for the invoking of 107a on the grounds of the violations of the Fifth Amendment, Fourteenth Amendment and Eighth Amendment. I have no arguments on them at this time."

It is plain from this record that Exhibits 1 through 5 upon which increased penalty was imposed were received in evidence without objection.

K. S. A. 60-404 provides:

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection."

The above statute codifies the prior law of this state requiring timely and specific objection to the admission of evidence. In the (absence of timely and specific objection during trial objections to admissibility of evidence will not be considered on appeal. (*Gaynes v. Wallingford,* 185 Kan. 655, 661, 347 P. 2d 458; *State v. Freeman,* 195 Kan. 561, 408 P. 2d 612, cert. den. 384 U. S. 1025, 16 L. Ed. 2d 1030, 86 S. Ct. 1981.)

Defendant raises a constitutional question. He contends the judgments, upon which the enhanced penalty was imposed, are void

under the Gideon case if such judgments do not show on their face he was represented by counsel in the proceedings. This position is untenable for it is based upon an erroneous premise as to the law.

We have previously determined that full faith and credit should be given even though the judgment may not show on its face that defendant had representation. The presumption of validity which attends a judgment of a sister state so requires. (*State v. Engberg,* 194 Kan. 520, 400 P. 2d 701, cert. den. 383 U. S. 921, 15 L. Ed. 2d 676, 86 S. Ct. 899; *Chappell v. State,* 197 Kan. 407, 416 P. 2d 786.)

However, it clearly appears in the journal entry of judgment of the federal court in Arkansas defendant was represented by counsel, Frank Snellgrove, Jr. The judgment of the Wyoming court recites that defendant voluntarily waived right to counsel and entered a plea of guilty in accordance with the laws of that state (Wyoming Statutes 1957 §7-171.) Copies of the other judgments are not part of the evidence available in this record. However, only two valid prior convictions are necessary to support the increased penalty provided in K. S. A. 21-107a. At least two of the prior convictions were supported by evidence of representation or waiver of counsel. The constitutional question is without merit.

The judgment is affirmed.