No. 45,733

GEORGE L. SCHNEIDER, *Appellant* and *Cross-Appellee,* v. WASHING-
TON NATIONAL INSURANCE COMPANY, *Appellee* and *Cross-
Appellant.*

(465 P. 2d 932)

Opinion filed March 7, 1970.

*Fred R. Vieux,* of Augusta, argued the cause and was on the brief for the appellant and cross-appellee.

*Gerald Sawatzky,* of Wichita, argued the cause, and *Robert M. Bond,* of El Dorado, and *Robert M. Siefkin,* of Wichita, were with him on the brief for the appellee and cross-appellant.

The opinion of the court was delivered by

FATZER, J.: This was an action to recover monthly benefits under a health and accident disability income insurance policy. The case was here previously and the facts and issues giving rise to the present appeal are stated in the court's opinion in *Schneider v. Washington National Ins. Co.,* 200 Kan. 380, 437 P. 2d 798, and will not be repeated here. The opinion is incorporated herein by reference.

The plaintiff claimed total disability from accidental injury to his back while lifting a 50-pound sack of feed on September 8, 1960, and that he had not worked since September 14, 1960. He applied for his health and accident disability insurance on July 17, 1960. After keeping the completed application form overnight, on July 18, 1960, the plaintiff's brother, Frank Schneider, delivered the signed application form to the defendant's agent Robert H. Bridewell.

The policy was issued and delivered to the plaintiff by Bridewell on September 13, 1960, and a copy of the application was attached.

The plaintiff made application for monthly benefits on October 24, 1960, based on the injury to his back on September 8. The claim was supported by a doctor's certificate of disability and defendant commenced paying the disability benefits of $400 per month effective as of September, 1960. The defendant ceased the benefit payments August 4, 1961, having paid a total of $4,280, and the plaintiff commenced this action to recover benefits for total permanent disability.

In discovery proceedings, the defendant discovered several false answers in plaintiff's application, which are set forth in our previous opinion. The defendant counterclaimed, seeking rescission of the policy. When the false answers were discovered, the plaintiff admitted the answers were false and claimed they were inserted by the defendant's agent Bridewell, without his knowledge. Bridewell asserted the answers were given by plaintiff and that he wrote them in the application as given by the plaintiff. The plaintiff also asserted his brother who signed the application for the insurance policy, did so without authority.

Following reversal of this case, the district court which previously tried the case disqualified, and the Honorable Jay Sullivan was assigned. A pretrial conference was had at which the district court stated the reporter's transcript of the pretrial conference would serve as the pretrial order. We point out the best practice of pretrial procedure is that a specific order be prepared and approved by counsel and signed by the district court in which the issues are fully stated. However, the statement of the district court at the conclusion of the pretrial conference fingered the issues presented as follows:

"THE COURT: When you speak of defenses you are referring to each question as being an affirmative defense. Their defense is that false answers were given in the application. If truthful answers had been given, the policy would not have been issued. That is one of their defenses. This is your case, based on this contract of insurance, and it provides for many things. I am sure that it provides that the application is a part of the contract along with the various types of disability benefits. The defendant contends that the plaintiff was not disabled; and that, if he was disabled, it was the result of sickness rather than accident and also that if he was disabled, that it was a partial disability. Insofar as the sickness part is concerned, it is confined to just one thing here, and that is as to the deterioration of the disc. It was the disc or was around the disc or, in any event, something was caused by the aging process rather than from a blow or twist or some type of trauma. That is the only part of sickness that enters into this picture. The court is going to submit

general verdicts and also special verdicts. I am going to submit general verdict. We are going to either decide it for the plaintiff or for the defendant. Then, we will have a special verdict; but, I am going to submit now, under this policy, the terms of this policy as to whether or not this person is totally disabled or whether or not he was partially disabled, or whether or not it was a result of accident or a result of this sickness. I don't think that the defendant has waived any defenses that he has on this policy and the matter in which the evidence has been introduced here. It is complicated enough. I am going to try to simplify it if I can. I am not satisfied with the definition of total disability, so I will have to do a little research on it before I can determine in my own mind how to draw that instruction. I don't believe there is much question as to where the proof lies. The burden of proof is with the plaintiff to prove first, that he was disabled; and, secondly, that this was the result of a twist or fall that occurred on September 8, 1960, that disabled him. Right here is something I would like to inquire about. We tried this case, as I understand, from the time of September 8, 1960, to the time of the alleged accident on November 15, 1965, and that there was no question but that is on which it is to be submitted to the jury, is there?

"MR. SIEFKIN: That is correct.

"THE COURT: Okay. The defendant has the burden of proving first, that the plaintiff answered the questions asked by the agent and those answers were correctly written into the application and the plaintiff's brother, who had authority, signed his name to the application.

"MR. SIEFKIN: All right.

"THE COURT: That is about it, Gentlemen."

At the conclusion of the evidence of both parties, the district court instructed the jury in accordance with the issues as disclosed by the evidence and pretrial order so as to enable it to make answers to six written interrogatories and to render a general verdict. The jury returned its verdict and answered the special interrogatories as follows:

"VERDICT

"We, the jury empaneled and sworn in the above entitled cause, do upon our oath find Plaintiff is entitled to recover from defendant in the amounts as provided in the insurance policy for partial disability."

"THE COURT'S INTERROGATORIES

"1. Do you find that the plaintiff was totally disabled from performing the work of his usual occupation between August 4, 1961 and November 15, 1965 as a result of a twist or fall while lifting a bag of seed or feed?

"ANSWER: No.

"2. If your answer to the above question is 'no', do you find that the plaintiff was partially disabled from performing the work of his usual occupation between August 4, 1961 and November 15, 1965 as a result of a twist or fall while lifting a bag of seed or feed?

"ANSWER: Yes.

"3. If your answer to Question No. 1 or No. 2 is 'No', do you find that

the plaintiff was totally or partially disabled from performing the work of his usual occupation between August 4, 1961 and November 15, 1965 as a result of degeneration of an intervertebral disc?

"ANSWER: No.

"4. Do you find that the plaintiff gave defendant's agent false answers to questions contained in the application for the insurance policy?

"ANSWER: Yes.

"5. If your answer to Question No. 4 is 'Yes', did such false answers materially affect the risk assumed by defendant in issuing the policy?

"ANSWER: No.

"6. Did plaintiff's brother, Frank Schneider, have authority to sign his brother's name to the application for insurance?

"ANSWER: Yes."

The general verdict and the answers being harmonious, the district court directed the entry of the appropriate judgment upon the verdict and answers. (K. S. A. 60-249 [b].) Thereafter, the plaintiff filed an amended motion for a new trial and a motion to set aside the verdict and for judgment notwithstanding the verdict. The defendant filed a motion for judgment notwithstanding the verdict, contending judgment should be rendered rescinding plaintiff's insurance policy. Counsel presented arguments and authorities on the respective issues, and upon consideration, the district court overruled all motions.

The plaintiff has appealed from the judgment, and from the order of the district court refusing to set aside the verdict and answers to special interrogatories, and for a new trial. The defendant has cross-appealed from the order overruling its motion for judgment for rescission based upon plaintiff's fraud, and the entry of judgment against it for benefits applicable to partial disability.

Most of the plaintiff's contentions here advanced were decided adversely to him in the previous appeal. It may be generally said, the instructions given by the district court complied with the issues as delineated in our previous opinion. There was ample evidence to support the jury's finding on special interrogatory No. 4 that the plaintiff gave the defendant's agent false answers to questions contained in the application for the insurance policy. Likewise, the defendant's denial of total disability from accidental injury fairly encompasses the subsidiary question of partial disability. The plaintiff's only objection to instruction No. 9, submitting partial disability to the jury, was on the ground there was no evidence to support such an instruction. Without reviewing all the evidence, it is sufficient to say our examination of the record indicates there

was some evidence the plaintiff was able to continue to work in an administrative or managerial capacity in keeping with his background as part owner of a feed and grain business. Movies showing the plaintiff's activities were admitted in evidence and the jury was advised of his capabilities. There was other medical testimony the plaintiff could do supervisory and light work, and that he was only partially disabled. Moreover, the issue of partial disability was noted in our former opinion as an issue in the case (p. 401), and there was no error in submitting the issue to the jury.

The plaintiff claims his brother was not authorized and had no authority to sign the application for the insurance policy on his behalf. A considerable portion of his brief is devoted to the question. A short answer to the claim is that it is refuted in the plaintiff's pretrial deposition quoted in *Schneider*, supra, pages 383, 384.

The plaintiff urges, as he did in the first appeal, the district court erred in not requiring responses to certain requests for admission filed by him prior to the first appeal, and of the refusal of the district court to permit him to read to the jury portions of pleadings and answers to interrogatories for the purported purpose of establishing that the defendant admitted liability. With respect to the first matter, it is obviously one within the discretion of the district court. (*Wood v. Gautier*, 201 Kan. 74, 339 P. 2d 73.) The record in this case is voluminous, and it cannot be contended the plaintiff was not given every reasonable opportunity to explore and establish all relevant facts. The defendant made its position clear on all issues involved in the requests, in its pleadings, answers to interrogatories, various pretrial proceedings, and in documents, as well as in the evidence presented during the trials, and we cannot say the plaintiff's rights were substantially prejudiced as to constitute reversible error.

Likewise, and with respect to the refusal to permit counsel to read from pleadings and answers to interrogatories to the jury to establish that defendant admitted liability, it may simply be said the defendant, in its answer, denied the plaintiff was totally disabled; denied he was totally disabled from accidental cause, and denied liability.

The claim is made the district court unduly limited the plaintiff's cross-examination of three witnesses for the defendant. The point is not well taken. In the first place, the extent of cross-examination is a matter within the discretion of the district court, but the record

shows extreme liberality and fairness of the court in this respect. In addition, we think there was no error in refusing plaintiff's request to supplement his petition asking for installment payments to the date judgment would be rendered. The motion is now moot because the jury found partial disability as a result of the plaintiff's accidental injury which benefits expire six months after August 4, 1961. Further, the time involved was limited to the period between August 4, 1961, and November 15, 1965. That was the period for which all medical information had been discovered and clarified, and it would have necessitated a delay in the trial to inquire into the subsequent period. Moreover, the defendant agreed that if the jury brought in a verdict of total disability as a result of the plaintiff's accident on September 8, 1960, the court should order benefits paid up to the date the verdict was rendered. No error was committed.

The plaintiff also complains concerning the court's instruction with respect to total disability. It is unnecessary to set forth the instruction, but consideration of all the facts and circumstances disclosed in the record, which we have carefully read, convinces us the instruction, if faulty, did not substantially prejudice the plaintiff's rights in any respect.

The record indicates there was one factual issue delineated in our former opinion which was not submitted to the jury by special interrogatory. That issue was whether there was sufficient evidence of knowledge by the defendant of the falsities of the plaintiff's answers in the application to serve as a basis for application of waiver. In our former opinion we pointed out there was some evidence of knowledge on the part of the defendant's underwriter, Borgeson, whose authority was unquestioned. (pp. 398, 399.) In his deposition, Borgeson admitted the company files contained a previous application of plaintiff made in 1957 and an inspection report by an insurance service bureau which reflected discrepancies from statements made in the present application. However, the plaintiff did not request that the district court submit the issue to the jury, nor did he submit an interrogatory in that respect. In *Bott v. Wendler*, 203 Kan. 212, 453 P. 2d 100, it was held:

"Where a district court requires a special verdict and neglects to include an issue of fact raised by the pleadings, the pretrial order, and the evidence, a party waives his right to a jury trial on the issue unless he demands its submission before the jury retires. (K. S. A. 60-249 [a].) The rule applies where a party has requested submission of a particular issue, and he will be held to

have waived his right to trial by jury as to it unless he objects to the failure to submit it before the jury retires." (Syl. ¶ 4.)

We turn to the defendant's cross-appeal, that the district court erred in not rendering judgment rescinding the plaintiff's insurance policy. The contention revolves around the district court's submission of special interrogatory No. 4 to the jury which found the plaintiff gave defendant false answers to questions contained in the application. The defendant contends the district court should not have submitted the question of materiality of the false answers to the jury in special interrogatory No. 5 in view of our former holding the answers were material as a matter of law. At the trial, the defendant called its witness Borgeson, and offered extensive evidence as to the materiality of the plaintiff's answers. We think the defendant made the issue one of fact, and hold the district court did not err in submitting special interrogatory No. 5.

This lawsuit has involved protracted litigation. Our previous opinion delineated the issues to be submitted to the trier of the facts. The jury heard the evidence of both parties and made its answers on those issues. While error may have occurred in the trial below, we think no substantial prejudice resulted to the rights of either party. As has been often said, the law does not guarantee to every litigant a "perfect" trial; it does guarantee him a *fair* trial. K. S. A. 60-2105 provides:

"The appellate court shall disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the trial court; and in any case pending before it, the court shall render such final judgment as it deems that justice requires, or direct such judgment to be rendered by the court from which the appeal was taken, without regard to technical errors and irregularities in the proceedings of the trial court."

See, also, K. S. A. 60-261.

The verdict and the answers have been approved by the district court and the plaintiff and the defendant have failed to affirmatively establish irregularities which prejudicially affected the substantial rights of either party. We are compelled to sustain the judgment entered by the district court under the unequivocal language of the statute above quoted and the many decisions construing it.

The judgment is affirmed.