No. 46,125

Jack C. Eaton, *Appellant*, v. State of Kansas, *Appellee*.

(476 P. 2d 694)

Opinion filed November 7, 1970.

*J. J. B. Wigglesworth,* of Topeka argued the cause and was on the brief for the appellant.

*Gene M. Olander,* county attorney, argued the cause, and *Kent Frizzell,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: This is an appeal from an order denying petitioner's motion for post-conviction relief (K. S. A. 60-1507) after a full evidentiary hearing.

Petitioner was convicted of burglary in the second degree and larceny in connection therewith and was sentenced to concurrent terms of not less than fifteen years under the habitual criminal act (K. S. A. 21-107a). The judgment and sentence were affirmed by this court in *State v. Eaton,* 199 Kan. 192, 428 P. 2d 847.

The first two points now urged by petitioner relate to the contention he was denied the effective assistance of counsel. This matter was laid to rest in the direct appeal, *State v. Eaton,* supra, and warrants no further consideration. A 60-1507 proceeding under such circumstances cannot be used as a substitute for a second

appeal (Rule No. 121 (*c*) (3), Rules of the Supreme Court, 205 Kan. xlv; *Baker v. State*, 204 Kan. 607, 464 P. 2d 212.)

We likewise are precluded in this proceeding from reviewing petitioner's contention that his constitutional rights were violated by the prosecution's use of a prior "statement" or "confession," and by the admission of evidence in respect to a pretrial identification. Neither of these trial errors, in our opinion, reaches constitutional dimensions. Under Rule 121 (*c*) (3) trial errors are to be corrected by direct appeal unless they affect constitutional rights and there are exceptional circumstances excusing the petitioner's failure to present the alleged errors in his direct appeal.

In the former appeal (*State v. Eaton*, supra) petitioner urged that the trial court erred in admitting his "statement" into evidence. We held the point was groundless because the purported "statement" was neither offered in evidence, nor was any part of it presented before the jury. Petitioner's effort to expand his argument in this appeal and establish that his constitutional rights were in some way adversely affected by what transpired is totally unfounded.

The question of pretrial identification was not raised in the earlier appeal. Petitioner now complains about the admission of testimony by witnesses who observed him while they were visiting the county jail during an "open house" to which the general public was invited. Nothing in the record suggests that the incident in question was a confrontation for identification purposes or that it was an identification procedure conducted in such a manner as to be violative of due process of law based on the totality of the circumstances. (See, *Foster v. California*, 394 U. S. 440, 22 L. Ed. 2d 402, 89 S. Ct. 1127; *State v. Sanders*, 202 Kan. 551, 451 P. 2d 148.) Moreover, there has been no showing of any exceptional circumstances excusing petitioner's failure to raise the point in his direct appeal. (See, *Baker v. State*, supra; *Barnes v. State*, 204 Kan. 344, 461 P. 2d 782; and *Holt v. State*, 202 Kan. 759, 451 P. 2d 221.)

The remaining points advanced in this appeal pertain to petitioner's claims that he was illegally returned to Kansas for trial and that there was insufficient evidence of prior felony convictions to support the enhanced sentence imposed. Both matters were determined in *State v. Eaton*, 199 Kan. 610, 433 P. 2d 347, which was a conviction of this same petitioner for escaping jail while awaiting trial. The opinion in that case fully disposes of the argument presented here. Although we no longer adhere to the *Engberg* rule, which was in

force and effect at the time of that decision (*State v. Duke*, 205 Kan. 37, 468 P. 2d 132), the records of the federal conviction in Arkansas and the state conviction in Wyoming clearly establish the presence of counsel, or the waiver thereof. Hence, there was sufficient, competent evidence to support petitioner's sentence as a third offender under the provisions of K. S. A. 21-107a.

The judgment of the district court is affirmed.