No. 46,149

LAWRENCE YOUNG, *Appellee*, v. STATE OF KANSAS, *Appellant*.

(483 P. 2d 1020)

Opinion filed April 10, 1971.

*Nick A. Tomasic*, Chief Deputy County Attorney, argued the cause, and *Kent Frizzell*, Attorney General, and *Frank D. Menghini*, County Attorney, were with him on the brief for the appellant.

*Harry Reese*, of Kansas City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: On September 14, 1964, Lawrence Young, the appellee herein, was convicted of robbery in the first degree and was sentenced to a term of from ten to twenty-one years. On appeal, that conviction was set aside by this court in *State v. Young*, 196 Kan. 63, 410 P. 2d 256.

Young was re-tried on the same charge of robbery and was convicted a second time. Prior to the imposition of sentence upon the second conviction the state, for the first time, introduced evidence of one prior conviction, notice of which had previously been given to Mr. Young. On the basis of this evidence the trial court imposed a sentence of not less than twenty nor more than forty-two years, pursuant to the provisions of the Habitual Criminal Act. (K. S. A. 21-107a, now K. S. A. 1970 Supp. 21-4504.)

Mr. Young again appealed to this court. This time, however, his conviction was upheld. (*State v. Young*, 200 Kan. 20, 434 P. 2d 820.) Among the points raised on the second appeal was a contention that the enhanced sentence pronounced on reconviction transgressed the provisions of the Equal Protection Clause of the Fourteenth Amendment as imposing an impermissible risk of harsher

punishment upon a defendant who successfully challenges his conviction on appeal.

In rejecting that argument, this court pointed out that under the Kansas statute then applicable (K. S. A. 62-1602), whenever a new trial was granted, the parties were placed in the same position as if no previous trial had been held. Our opinion cited numerous decisions upholding the statute and construing its provisions. We also observed in the second *Young* appeal that Young had completely failed to establish that the county attorney, by invoking the Habitual Criminal Act upon resentence, had abused his discretion or had acted willfully or arbitrarily.

More than a year after we filed our opinion in the second *Young* appeal, the Supreme Court of the United States handed down its decision in *North Carolina v. Pearce*, 395 U. S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072. That case holds, in effect, that while neither the double jeopardy provision nor the Equal Protection Clause of the United States Constitution imposes an absolute bar to a greater sentence upon reconviction, the Due Process Clause of the Fourteenth Amendment forbids infliction of a harsher penalty upon retrial, in the absence of evidence justifying the pronouncement of a more severe sentence. Moreover, said the august federal court, whenever a sentencing court does impose an increased penalty upon a defendant after a new trial, its reasons for so doing must appear affirmatively and must be based on conduct occurring after the original sentence was pronounced, and the factual data upon which the increased sentence is based must be made part of the record in order that the "constitutional legitimacy" of the greater sentence may be reviewed fully on appeal.

Following the *Pearce* decision, Mr. Young filed a petition pursuant to K. S. A. 60-1507 in which he challenged the legality of the enhanced sentence pronounced against him after he was convicted the second time. In this collateral attack, Young alleged that the greater penalty was assessed in violation of principles underlying due process as delineated in *Pearce*.

An evidentiary hearing on Young's 1507 petition was held by the same judge who had imposed both the original sentence and the later, or second sentence. When the hearing was finished the court resentenced Young to not less than ten nor more than twenty-one years on the basis of *Pearce*, thus, in effect, reinstating the original sentence. In reducing the increased sentence pronounced on retrial,

the judge stated he had enhanced the punishment under the provisions of the Habitual Criminal Act only because he felt he had to—that he had no alternative.

The state has now appealed from the judgment reducing the sentence, and points out that the precise issue raised in this action, *i. e.,* that the increased penalty violated the essential requisites of due process, was expressly determined in Mr. Young's direct appeal from his conviction on retrial. (*State v. Young,* 200 Kan. 20, 434 P. 2d 820.) The state further calls attention to Supreme Court Rule No. 121 (*c*) (2), 205 Kan. xlv, which provides that a proceeding under K. S. A. 60-1507 cannot ordinarily be used as a substitute for a second appeal. (See *King v. State,* 200 Kan. 461, 436 P. 2d 855 and cases cited therein.)

The position taken by the state is correct. This court has expressly held the increased sentence to be valid—and that it does not contravene the requirements of constitutional due process. Our former decision to such effect was based on substantial precedents and there is no need to reexamine the subject at this time. Accordingly, this case must be reversed.

In arriving at our decision the members of this court, as we have noted before, are fully aware of *North Carolina v. Pearce,* supra, (see *State v. Smith,* 206 Kan. 744, 481 P. 2d 995), and are mindful, also, of its impact upon the courts of this country. As of this date, however, we find no authoritative edict that the *Pearce* decision is to be applied retrospectively, although several cases raising the specific issue of retroactivity appear to be knocking at the door of the federal high court.

Appellate courts in a number of our sister states, as well as several of the federal circuit courts, have directed their attention to the retrospective aspects of *North Carolina v. Pearce,* supra. Not surprisingly, complete unanimity of opinion is found to be lacking among the tribunals in which the issue has arisen, and their responses have been varied.

We believe no good purpose would be served at this juncture by discussing the various conflicting decisions already placed in the law books. In view of our own precedents, and in the absence of a contrary ruling by the United States Supreme Court, we decline to rule that *Pearce* be given retroactive application in this case. Our holding in this regard is without prejudice, however, to Young's right to reapply for the relief sought in the present action should the

Supreme Court hereafter give retrospective effect to the standards set out in the *Pearce* decision. (See *Wayne v. State,* 8 Md. App. 5, 257 A. 2d 455; *Shedrick v. State,* 235 So. 2d 57 [Fla. App.].)

The judgment of the court below is reversed and this case is remanded with directions that the sentence of not less than ten nor more than twenty-one years imposed on June 5, 1970, be vacated and set aside and that the sentence of not less than twenty nor more than forty-two years pronounced on April 20, 1966, be reinstated.

It is so ordered.