No. 47,089

State of Kansas, *Appellee*, v. Clifton Parker, a/k/a Clifton Riddings, *Appellant*.

(516 P. 2d 153)

Opinion filed November 3, 1973.

*William J. Brady*, of Stillings, Caplinger & Brady, Chartered, of Atchison, argued the cause and was on the brief for the appellant.

*J. David Farris*, county attorney, argued the cause, and *Vern Miller*, attorney general, and *Larry R. Mears*, assistant county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: The defendant was charged in the city court of Atchison, Kansas, with two separate misdemeanors, battery against a law enforcement officer (K. S. A. 1972 Supp. 21-3413) and disorderly conduct (K. S. A. 1972 Supp. 21-4101). After a trial to the court defendant was found guilty on both charges and the city judge imposed a sentence of confinement in the county jail for a period of six months.

Thereupon an appeal was taken to the district court of Atchison county pursuant to the provisions of K. S. A. 1972 Supp. 22-3609. A trial *de novo* was had in the district court as provided in K. S. A. 1972 Supp. 22-3610. The defendant was found guilty by a jury on both charges and the district judge imposed a sentence of confinement in the county jail for a period of seven months on the first charge and one month on the second charge. Since the record of judgment is silent as to the manner in which the two sentences were to be served, they are to be served concurrently as provided in K. S. A. 1972 Supp. 21-4608 (1).

No question is raised in this court concerning the sufficiency of the evidence to sustain the charges and only those portions of the evidence necessary to discuss particular points raised on appeal will be mentioned. We will refer to the appellant as the defendant.

The defendant attacks the instructions given by the trial court because the term "battery" was not defined in Instruction No. 2 where the elements of the crime were set forth. However, the definition was set forth in Instruction No. 5 as follows:

" 'Battery' is the unlawful intentional touching or application of force to the person of another when done in a rude, insolent or angry manner."

The defendant concedes the definition as given was proper but points out that this sequence does not follow the Pattern Criminal Instructions for Kansas (PIK Criminal 56.17), which incorporate the definition in one instruction listing the claims to be proved (elements of the crime). These suggested instructions were published by the committee in an effort to assist the trial courts and do not have the force and effect of law.

In the present case the court's instructions were limited in number. The law was clearly set forth in the instructions given. We are unable to see how the jury could have been misled or confused by the sequence of the eight instructions given. All instructions to a jury are to be considered as a whole and in their entirety and each instruction is to be considered in connection with all other instructions in the case. (*State v. Jerrel*, 200 Kan. 415, 421, 436 P. 2d 973; *State v. Addington*, 205 Kan. 640, Syl. ¶ 9, 472 P. 2d 225.) The instructions given were sufficient under the general rule iterated in *Jerrel* and *Addington* and we discern no prejudicial error in the instructions given.

In the second count of the complaint defendant was charged

with using offensive, obscene and abusive language tending reasonably to arouse anger and resentment in Mrs. William Ramsey. Mrs. Ramsey was employed in the sheriff's office to take telephone calls and radio messages, dispatch officers to places of trouble, make out booking cards and receipts and do general clerical work in the sheriff's office.

The defendant next argues that the trial court erred in encouraging the prosecutor to object to a series of questions directed to Mrs. Ramsey. The questions apparently were asked on cross-examination for the purpose of attempting to have Mrs. Ramsey admit she was often exposed to rough and abusive language in connection with her duties, and therefore was not offended in this particular case. Mrs. Ramsey had previously testified she had *not* been generally exposed to such language in the course of her duties and that she *was* offended and shocked by defendant's language. During the course of the cross-examination she was asked how many drunks she had booked into the jail and whether any of them had used such language. The court volunteered an observation that "the county attorney is sleeping through this." Whereupon the county attorney objected to the questions on the ground they were irrelevant. After colloquy between court and counsel, counsel for defendant stated he would "withdraw further questions along this line."

The discretion of a trial court extends to permitting, restricting, or refusing to allow a protracted cross-examination of a witness covering ground which is useless, irrelevant or previously covered. The extent of cross-examination is a matter generally within the discretion of the trial court and in the absence of a clear abuse of that discretion no prejudicial error results from the exercise of that discretion. (*Schneider v. Washington National Ins. Co.*, 204 Kan. 809, 813, 814, 465 P. 2d 932; 98 C. J. S., Witnesses, § 404, pp. 199, 200.) We fail to see the relevance of this line of questioning and the defendant's counsel under the direction of the court refrained from further questioning on the subject. No prejudicial error appears.

Defendant's third point of claimed error concerns the testimony of Sgt. Acheson of the police department. In response to questions by the county attorney he testified as follows:

"Q. You just testified, Sgt. Acheson, in response to Mr. Lacey's question, that whenever it was necessary you dealt with numerous individuals, both in the black and white community, is that correct?

"A. Yes.

"Q. And you also testified that many of these individuals used the particular words in question here?

"A. Yes.

"Q. Most of the time you do your investigations, Sergeant, you are investigating crimes and reported crimes?

"A. Right.

"Q. And the people that commit these are criminals."

Objection was then made by defendant's counsel as follows:

"Objection, your Honor. There is a slight difference between investigating and an individual as a criminal."

The court responded, "I'm sure the Sergeant has talked to known criminals. I'm sure he has talked to many of the people in this courtroom." Thereupon the county attorney refrained from further questioning the witness.

Defendant now claims the court committed reversible error in failing to rule on defendant's objection. The basis of this claim is not entirely clear to us. The comment of the court does not appear to be prejudicial to the defendant. The questions appear irrelevant and immaterial. No further questions were asked of the witness after defendant made the objection. The defendant failed to state the specific ground of his objection and did not attempt to make known to the court the action which he desired the court to take.

K. S. A. 60-404 provides:

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection."

K. S. A. 60-246 further provides:

"Formal exceptions to rulings or orders of the court are unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him."

A judgment or verdict will not be reversed or set aside by reason of erroneous admission of evidence unless the party objecting to its admission interposes a timely objection which makes clear the specific grounds therefor. In the present case the specific ground of the objection was not made clear and defendant failed to make

known to the court the action which he desired the court to take. No prejudicial error has been shown.

Defendant assigns error on the failure of the court to sustain his motion for a new trial. This contention is general in nature and is based solely upon a conclusory statement that the court abused its discretion in allowing highly prejudicial and inflammatory evidence. The specific evidence referred to is not mentioned in arguing the point and we can only assume defendant is again referring to the evidence discussed in points two and three. We have previously disposed of those matters. A new trial in a criminal case may be granted on motion of a defendant when required in the interest of justice, and such grant in the first instance lies within the sound discretion of the trial court. (K. S. A. 1972 Supp. 22-3501.) We see no reason to disturb the trial court's order overruling defendant's motion for a new trial.

The final point raised by defendant concerns the constitutionality of the enhanced penalty imposed after a trial *de novo* in the district court. As pointed out in the first paragraphs of this opinion he was first tried and convicted in a city court and was sentenced to six months in the county jail. Thereafter he perfected an appeal to the district court of the county as provided for in K. S. A. 1972 Supp. 22-3610. He was given a trial *de novo* before a jury and upon conviction was sentenced by the district court to two concurrent terms in the county jail of seven months and one month. The practical effect of this sentence in the district court was to increase the period of confinement in the county jail one additional month.

Defendant bases this final contention of error squarely on *North Carolina v. Pearce*, 395 U. S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, decided June 23, 1969. He points out that the position of our court in *Young v. State*, 207 Kan. 166, 483 P. 2d 1020, denying retroactive application of *Pearce* cannot be utilized in the present case to defeat his contention. The enhanced penalty was imposed in the present case on September 25, 1972, so he is correct. There is no question of retroactivity presented here.

Digressing for a moment, we note that our position in *Young* was vindicated by the high court in *Michigan v. Payne*, 412 U. S. 47, 36 L. Ed. 2d 736, 93 S. Ct. 1966. In that case it was held under the established test for determining whether "new" judicial, constitutional rules in the area of criminal procedure are to be

applied retroactively, the due process holding in the *Pearce* case was not retroactive, and did not apply to resentencing proceedings which occurred prior to the date of the *Pearce* decision.

Now let us examine the holding in the *Pearce* case. Pearce had been tried and convicted of a felony, assault with intent to commit rape. On appeal this conviction was set aside because of the admission in evidence of an involuntary confession. Thereafter he was retried in the same court and upon a second conviction he received an increased sentence from the same court which had previously imposed the prior sentence. In *Pearce* it was said:

"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." (395 U. S. 725)

So the basis for the *Pearce* decision arose out of the high court's firm conviction that vindictiveness on the part of a court, which might arise as a result of a successful attack on the court's previous adjudication, should play no part in the determination of any later sentence. However, an enhanced sentence was not foreclosed in all such cases. The Pearce court said:

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." (395 U. S. 726)

We do not believe the judicial constitutional rule declared in *Pearce* should be applied under the circumstances of our present case where the enhanced sentence comes as a result of a trial *de novo* to which the defendant is entitled regardless of lack of error or the nature of his plea in the lower court. Under the two-tier system of adjudicating certain criminal cases in Kansas the defendant may on conviction appeal from any sentence received in a city court as a matter of right and regardless of procedural or substantive error. In such case he then receives an entire new trial in the second tier court, which is a court of general criminal jurisdiction presided over by an experienced trial judge. The appeal

which brings the case to the second tier court for a trial casts no reflection on the adjudicative processes of this second court which tries the case *de novo*, and the court is free to determine the sentence without the prejudices which might arise had there been a previously aborted adjudication in that same court.

We believe that the question presented here was answered in *Colten v. Kentucky*, 407 U. S. 104, 32 L. Ed. 2d 584, 92 S. Ct. 1953. In *Colten* the Supreme Court of the United States examined the rationale of *Pearce* in light of an enhanced penalty after a trial *de novo* under the Kentucky two-tier system for adjudicating certain criminal cases. In a footnote in the opinion (32 L. Ed. 2d 591) the Kentucky two-tier system was likened to the system in certain other states including Kansas.

The *Colten* court in holding that the enhanced penalty did not violate the judicially declared constitutional rule in *Pearce* stated:

". . . The possibility of vindictiveness, found to exist in *Pearce*, is not inherent in the Kentucky two-tier system." (407 U. S. 116)

This conclusion was based, among other things, on the following: (1) The court which conducts the trial and imposes the final sentence is not the court with whose work the defendant was sufficiently dissatisfied to seek a different result on appeal; (2) The inferior court is not asked to do over what it thought it had already done correctly; (3) The *de novo* court is not asked to find error in another court's work; (4) The defendant's right to a new trial is unrestricted in that all he is required to do to obtain it is to appeal; (5) The second court in a two-tier system is much more likely to be aware that the first level of courts is not designed or equipped to conduct error free trials or to insure full recognition of constitutional freedoms; (6) The first level of courts in a two-tier system is fashioned for convenience, to provide speedy and inexpensive means of disposition of charges of minor offenses; (7) The trial *de novo* permits a completely fresh determination of guilt or innocence; (8) It is not an appeal on the record and the record of proceedings from the lower court is not before the higher court and is irrelevant to the *de novo* proceedings; (9) The proceedings in the inferior court are simple and speedy, the penalties are not characteristically severe; and (10) Such proceedings offer a defendant the opportunity to learn about the prosecution's case and, if he chooses, he need not reveal his own.

All the above factors considered by the Colten court equally

apply to the Kansas system. No hazards appear in the facts of our present case which warrant the restraints found necessary in *Pearce*.

The judicial constitutional rule regarding enhanced penalties as declared in *North Carolina v. Pearce*, supra, does not apply in Kansas when the enhanced penalty complained of is imposed by a district court acting in accordance with our statutes to provide a two-tiered system of administering criminal justice in certain minor cases. The Kansas two-tier system of administering criminal justice, whereby one convicted in an inferior court has an absolute right to a trial *de novo* in a court of general criminal jurisdiction, is not violative of due process as penalizing an accused for seeking a new trial merely because an enhanced penalty is imposed after a trial *de novo*. (Following *Colten v. Kentucky*, supra.)

The judgment and sentence of the Atchison district court are affirmed.