No. 46,928

STATE OF KANSAS, *Appellee,* v. JACK C. EATON, *Appellant.*

(515 P. 2d 807)

Opinion filed November 3, 1973.

*David J. Phillips,* of Topeka, argued the cause and was on the brief for appellant.

*Gene M. Olander,* district attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: At issue is the validity of appellant's resentencing in the Shawnee district court on December 16, 1971, following a successful collateral attack in the United States District Court for the District of Kansas, vacating the sentence initially imposed in December 1965. The facts are not in dispute.

On November 15, 1965, appellant, Jack C. Eaton, was convicted of burglary in the second degree (K. S. A. 21-514), and larceny committed during the commission of a burglary (K. S. A. 21-524). After conviction, the state notified appellant of its intention to

invoke the provisions of the Habitual Criminal Act (K. S. A. 21-107a). At the time the original sentence was imposed, the district court found appellant had two prior felony convictions: a 1950 conviction adjudicated in the United States District Court for the Eastern District of Arkansas for the crime of transporting a stolen automobile in interstate commerce; and a 1954 conviction for burglary and larceny rendered in a Wyoming state district court. Appellant was sentenced as an habitual criminal to incarceration for a term of not less than fifteen years for burglary in the second degree, and for a term of not less than fifteen years for larceny committed during the commission of a burglary. Those sentences were ordered to run concurrently.

This court affirmed appellant's conviction in *State v. Eaton,* 199 Kan. 192, 428 P. 2d 847. Thereafter, Eaton sought and was denied post-conviction relief (K. S. A. 60-1507) by the courts of this state. (*Eaton v. State,* 206 Kan. 187, 476 P. 2d 694.) (See, also, *State v. Eaton,* 199 Kan. 610, 433 P. 2d 347, affirming appellant's conviction for escaping from the Shawnee County jail, and his subsequent 60-1507 to vacate the sentence imposed for escaping jail, *Eaton v. State,* 204 Kan. 222, 460 P. 2d 447.)

Concomitant with appellant's post-conviction relief with respect to the burglary and larceny convictions, he commenced a habeas corpus action in the United States District Court. Appellant alleged, among other things, the enhanced sentences imposed by the Shawnee district court violated the due process clause of the Fourteenth Amendment in that the state's evidence of the Arkansas and Wyoming felony convictions failed to establish he was represented by counsel. After a full evidentiary hearing, the federal district court held the evidence presented on the Wyoming conviction did not affirmatively indicate appellant knowingly, intelligently and voluntarily waived his right to counsel and that it could not be utilized in sentencing under the Kansas Habitual Criminal Act. (K. S. A. 21-107a.) The federal court vacated appellant's sentences of not less than fifteen years and decreed the state of Kansas resentence appellant within ninety days. (*Eaton v. Gaffney,* Civil. Nos. L-1109 & L-1183 [D. Kan., filed September 17, 1971].) Eaton was then returned to the Shawnee district court for resentencing.

The district court found the 1950 federal conviction valid, and resentenced appellant as an habitual criminal for a term of not less

than ten nor more than twenty years for the burglary conviction, and for a term of not less than ten years for the larceny conviction. Sentences were imposed under provisions of K. S. A. 21-523; 21-524, and 21-107a. Appellant was given credit for all time served under the prior sentence, and the new sentences were ordered to run concurrently.

The focal point of this appeal is the penalty imposed by the December 16, 1971, resentencing order for the burglary conviction. In 1965, when appellant was convicted of burglary in the second degree, the prescribed penalty was for a term of not less than five nor more than ten years. (K. S. A. 21-523.) However, appellant was sentenced initially as a third time offender under provisions of K. S. A. 21-107a, which reads, in part:

"Every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the penalty of the second conviction; and if convicted a third time of felony, he shall be confined in the penitentiary for a period of not less than fifteen years  .  .  ."

At the original sentencing the district court had the option of sentencing appellant to life imprisonment, or for any number of years not less than fifteen. (K. S. A. 21-109.) The court chose to sentence him to the minimum term possible—not less than fifteen years. As indicated, when appellant was resentenced as a second felony offender, the penalty imposed for the burglary conviction was for a term of not less than ten nor more than twenty years. Appellant contends this penalty is greater than the sentence assessed initially; that the resentencing order is inapposite to established limitations on the imposition of higher sentences, and that the increased sentence denied his constitutional rights of due process and equal protection of the law. He cites *State v. Fountaine,* 199 Kan. 434, 430 P. 2d 235 and *North Carolina v. Pearce,* 395 U. S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, as authority for holding his resentencing invalid. We disagree.

On prior occasions this court has declined to undertake a comparative analysis of indeterminate sentences. (*State v. Fountaine,* supra; *State v. Smith,* 206 Kan. 744, 481 P. 2d 995.) Such an analysis would best be resolved by carefully examining the circumstances attending each case rather than by an attempt to catalogue the many sentencing variations that can occur. We deem a comparison

unnecessary in deciding this appeal and assume, *arguendo,* there was an increase in appellant's sentence.

In *Fountaine* this court stated enhanced punishment imposed "out of pique, resentment, or other unworth motive" would not be tolerated. Likewise, the principles intimated in *Pearce* were designed to prohibit "vindicative" or "retaliatory" motives from infecting the resentencing process. (*Moon v. Maryland,* 398 U. S. 319, 26 L. Ed. 2d 262, 90 S. Ct. 1730; *Colten v. Kentucky,* 407 U. S. 104, 32 L. Ed. 2d 584, 92 S. Ct. 1953.) But *Pearce* does not impose an absolute bar to a more severe sentence; nor does application of the habitual criminal statute constitute a *per se* violation of its purpose. (*State v. Smith,* supra; *Young v. State,* 207 Kan. 166, 483 P. 2d 1020.) It is necessary the complaining party show either vindictiveness, or that judicial discretion was abused to obviate the penalty imposed. Imposition of a higher sentence is constitutionally permissible in the absence of vindictiveness. (*Chaffin v. Stynchombe,* 412 U. S. 17, 36 L. Ed. 2d 714, 93 S. Ct. 1977; *Michigan v. Payne,* 412 U. S. 47, 36 L. Ed. 2d 736, 93 S. Ct. 1966.) Generally on this subject, see *State v. Parker,* 213 Kan. 229, 516 P. 2d 153.

We have carefully examined the record and there is not one scintilla of evidence indicating appellant's resentencing was the product of any retaliatory motive or that the district court abused its discretion. The appellant was resentenced as a second offender, and the penalty imposed was in accord with controlling statutes. The court correctly doubled the statutory penalty for second degree burglary of not less than five nor more than ten years. (K. S. A. 21-523.) See, *Aeby v. State,* 199 Kan. 123, 427 P. 2d 453.)

In passing we note that pursuant to K. S. A. 1972 Supp. 21-4611; 22-3717, and the Kansas Board of Probation and Parole regulations, 45-1-5 (*c*), the minimum time that appellant would have to serve for a sentence of not less than fifteen years would be eight years before he is eligible for parole. Under the same statutes and regulation, a person serving a sentence of not less than ten nor more than twenty years is eligible for parole in five years and six months. As previously indicated, there was no showing of vindictiveness or abuse of discretion in the resentencing of the appellant. To the contrary, the record is crystal clear the district court imposed the exact penalty the applicable statutes required it to do—no more, no less.

Appellant requested that his appointed counsel present two addi-

tional arguments. In considering those arguments, we acknowledge appellant's counsel has complied with *State v. Grimmett & Smith*, 208 Kan. 324, 491 P. 2d 549.

It is first contended the appellant's resentencing should have been accomplished under provisions of the present habitual criminal statute, K. S. A. 1972 Supp. 21-4504, and not the prior Habitual Criminal Act, K. S. A. 21-107a. The point is not well taken. It is not necessary to set forth the statutory provisions regarding retrospective application of the present Kansas Criminal Code, K. S. A. 1972 Supp. 21-3101 *et seq*. In *State v. Ogden*, 210 Kan. 510, 502 P. 2d 654, we addressed the contention presented, and held:

"The sentencing of convicted criminals pursuant to K. S. A. 1971 Supp. 21-4504 is applicable only to those initially sentenced for offenses committed after the effective date of the new criminal code, July 1, 1970." (Syl. ¶ 10.)

Eaton was initially sentenced in December, 1965, and his sentencing under provisions of K. S. A. 21-107a was proper.

It is lastly argued the 1950 federal conviction was improperly utilized at his resentencing. The appellant seeks reversal for the reason that at the time he was sentenced for the 1950 federal conviction, that court considered the 1954 Wyoming conviction which had been found to be invalid. The argument appears factually impossible, and we decline further comment. In Kansas, sentencing under the Habitual Criminal Act, K. S. A. 21-107a, is controlled by and limited to previous convictions. The matter of previous sentence, parole, or revocation of parole has no bearing. (*State v. Beasley*, 205 Kan. 253, 469 P. 2d 453; *Nelson v. State*, 204 Kan. 623, 464 P. 2d 7; *State v. Shepley*, 203 Kan. 635, 456 P. 2d 8.)

We find no error in the judgment of the court below and the same is affirmed.